The Chancellor.
Mary Yule filed this bill agámsfner husband, Peter Yule, for alimony. It is a bill for alimony only; there is no prayer for divorce. The bill prays for a ne exeat. There is no affidavit annexed to the bill, except that of the complainant herself. When the bill was filed, an application for the order of ne exeat was made. To support the motion, the bill and the annexed affidavit was relied upon. A ne exeat was ordered. The defendant has answered the bill, and now moves to discharge the order.
Several grounds are relied upon to sustain the motion.
First. That the complainant is not entitled to the writ until alimony is fixed. The authorities referred to, Cogler *140 v. Cogler, 1 Ves. jun. 94; Shaftoe v. Shaftoe, 7 Ves. 171; and Dawson v. Dawson, Ib. 173, very fully sustain this objection. But in Denton v. Denton, 1 J. C. R. 364, the Chancellor, upon the ex parte application of the wife, ordered a ne exeat prior to a decree for alimony. And upon an application to discharge the order (1 J. C. R. 441) upon this ground, the Chancellor reviewed the above, and other authorities, relied upon to sustain the objection, and overruled them, after examining the principles upon which the decisions were put. The Court of Chancery, in this state, has uniformly followed the decision of Den-ton v. Denton, and the question must be considered, therefore, as settled.
Second. It is objected that the affidavit of the wife, as to the intention of the husband’s leaving the state, is insufficient ; that the affidavit is founded upon her belief only; and it is further objected, that the affidavit of the wife, alone, is not sufficient to warrant an order for the writ.
It is true, in Sedwick v. Walkins, 1 Ves. jun. 49, the Lord Chancellor refused a ne exeat where the affidavit of the wife, alone, was offered to support the motion. But the case was virtually overruled in Shaftoe v. Shaftoe, 7 Ves. 171; and in the case of Denton v. Denton the order was made upon the affidavit of the wife alone.
The sufficiency of the affidavit is further objected to, because it does not allege that the defendant is about leaving the state to avoid the jurisdiction of the court. In Etches v. Lance, 7 Ves. jun. 417, the Lord Chancellor asks the question, “ Must not something more positive be sworn as to the facts of his going abroad, or declaration; and ought not the affidavit to state that he is going to avoid the jurisdiction of the court ?” But such an allegation is not necessary, if the facts stated show that the defendant’s departure will defeat the complainant’s claim, or that he,is leaving the state for that purpose. Bœhm v. Wood, Tur. Russ. 344; Atkinson v. Leonard, 3 Bro. C. *141 R. 318. In Tomlinson v. Harrison, 8 Ves. 32, the Lord Chancellor expressed some doubt whether the affidavit was sufficient, not alleging that the defendant was going abroad to avoid the demand. But, upon being reminded by Mr. Leach (amicus curié) of the search for precedents, Avhen the question was asked by Lord JEldon, and the result of that investigation, the order was made.
Another objection to the affidavit is, that it states the belief only of the complainant as to the intention of the defendant’s departing the state. The objection is not well taken in point of fact. The affidavit states that the defendant threatened the complainant, that he would abandon her without making any provision for her support, and that he intended to take with him another woman ; that he had then his goods packed, and, as she believes, with the intention of leaving the state of New Jersey, and leaving the complainant and her infant child perfectly destitute.” The affidavit should show that the defendant intends going abroad. It must be positive as to this point, or to his threats or declarations to that effect, or to facts evincing it, or circumstances amounting to it. 1 Barb. C. P. 649. I think the affidavit sufficiently precise in the particulars required. In some eases, it will be sufficient if the intention of the defendant’s going abroad is sworn to upon information and belief. Collinson v. Collinson, 18 Ves. 352. The court should exercise a sound discretion in ordering this writ. It should not be issued in a doubtful case. The debt, or, in a case between husband and wife, the duty, should be certain, and the intention of departure beyond the court’s jurisdiction should sufficiently appear. There is no technical form in which these particulars need be stated. It is sufficient if they appear by proper proof before the court. The debt need not appear by affidavit. It is sufficient if established by a master’s report, as in the case of Collinson v. Collinson, before referred to.
Third. It is insisted that the answer and the aceom *142 panying affidavits show a case which renders it improper for the court to interfere with the liberty of the defendant. The bill alleges, in general terms, that the defendant abused and ill-treated the complainant in the most cruel and inhuman manner. The only specification of such abuse is, that he accused the complainant of infidelity to her marriage vows, and refused to provide her and her infant child with the necessaries of life. The defendant denies that he ever refused to make a suitable provision for the maintenance and support of his wife and child, and alleges that he has always provided for them, and furnished them with the necessaries and comforts of living suitable to their station in life. He does not deny the fact of having accused her of infidelity to her marriage vows. But, as to this particular, the bill itself is very meagre. Whether this charge was made in the presence of a third person, or was the mere ebullition of angry feelings, made in an excited altercation between the parties, is not stated. The occasion, and the circumstances under which the charge was made, would very materially affect the aggravation of the offence. But the defence made by the defendant, as to the allegation of his intention to abandon his wife and child, and to depart from the state for the purpose of avoiding his legal responsibility to provide for them, is satisfactory, and entitles him to have the ne exeat discharged. The defendant has for a long time been a foreman in an extensive tailoring establishment in the city of Newark. About ten months prior to filing the bill, the establishment removed its place of business to the city of New York; and the defendant, although keeping house with his wife in the city of Newark, was obliged to go daily to New York to discharge his duties as foreman. Binding this inconvenient and expensive, he determined to remove to New York, and made his arrangements accordingly. His wife refused to go with him; and upon his insisting, she actually abandoned her home in Newark, and took up her residence with a neighbor. The *143 complainant went to New York, and pursued Ms business there; but before going, left in the hands of a friend some money, to be applied for the support of his wife and child. Subsequently, on coming out to Newark to look after his property, he was arrested upon this writ of ne exeat. I have not stated the defendant’s case as strong as it is made by the answer and affidavits. For a Court of Chancery, under such circumstances, to undertake to restrain the liberty of a husband, in order to compel him to support his wife, would be adopting the wildest notions of the most sanguine enthusiasts in favor of women’s rights. "What is left us of the principles of the common law respecting the relationship existing between husband and wife, this court must adhere to. The husband is bound to provide a proper maintenance for his wife, but she must share his fortunes under his own roof. If she seeks another shelter for her own pleasure or convenience, it must be at her own expense. Whatever may be done elsewhere, this court, while any discretion is left to it in administering the laws, will not countenance a relaxation of any of those wholesome rules which make the mutual dependencies between husband and wife, and child, the best security for the peace and happiness of them all.
The fifth, and last ground, upon which the defendant relies to have the order discharged, is also well taken, that the bill is for alimony founded upon extreme cruelty, and that in such a case this court has no jurisdiction to decree alimony, except as incident to a divorce; and as that is not asked for, the complainant is not entitled to relief. The general proposition is contended for, that this court can grant alimony only as incident to divorce.
Bishop? on Marriage and Divorce, 551 to 561, after discussing the doctrine, and referring to the numerous authorities bearing upon it, says, “It is upon this principle,” the principle just stated by the author, that the law casts upon the husband the duty suitably to maintain the wife, according to his ability and condition; “ that, as a gene *144 ral proposition, a decree for separation in favor of the wife must he accompanied or followed, if she ask it, by a decree for alimony. And upon the same principle rests the better and general doctrine, which we have already discussed, that no court can grant alimony when that is the only thing sought; because, in the nature of the case, an adjudication that the wife may live separate from the husband, is a necessary foundation for an adjudication that he shall pay her a separate support.” )
The jurisdiction of this court in cases of divorce and alimony is prescribed by statute. The third, fourth, and eighth sections of the statute (R. L. 928, 924,) specify the grounds upon which the court may assume jurisdiction. The ninth section (R. L. 924) enacts, “ that when a divorce shall be decreed, the court may take such order touching the alimony and maintenance of the wife, and also touching the care and maintenance of the children by the husband, as from the circumstances of the parties and the nature of the case shall be fit, reasonable, and just.” The tenth section of this statute sj>ecifies a single case in which it declares it shall be lawful for the court to order alimony, without connecting such order with a decree for divorce, and that is in a case where the court is not authorized by statute to decree a divorce, viz. where the husband, without any justifiable cause, shall abandon his wife, or separate himself from her, and refuse or neglect to maintain and provide for her. Admitting that there is nothing in the statute itself to prohibit the court from making a decree for alimony alone, in those cases specified in the statute where the court may decree divorce and alimony as incident to it, we are then thrown back upon the question, as a matter of principle, whether the court ought, except in cases expressly authorized by statute, to decree alimony, except upon a decree for divorce, as a necessary foundation for it. The weight of authority, as has been before stated, is against the jurisdiction. Although we have no express adjudication in this *145 court upon tie point, the opinion of the Chancellors in cases which have been decided, not however turning upon that point alone, would seem to incline in favor of the doctrine, as I have stated it. In Melony v. Melony, decided by Chancellor Williamson, in 1828, a decree was made for alimony. The bill was filed for divorce and alimony. But the case was brought within the provision of the tenth section of the statute. The Chancellor says, “ I think it sufficiently proved that the complainant has offered to return and live with the defendant, and that he refuses to live with her, and neglects to provide for her, or to maintain her according to his circumstances* and situation in life.” In the case of Miller v. Miller, Saxton 389, the master, sitting for the Chancellor, after citing Ball v. Montgomery, 2 Ves. jun. 195, in which Lord Thurlow says, “ I take it to be the established law, that no court, not even the ecclesiastical court, has any original jurisdiction to give a wife separate maintenance,” goes on to say, “But in this state, I consider this court has original jurisdiction.” And he then cites the tenth section of the statute to sustain his opinion.
The present case is not within the tenth section of the statute. The husband has not abandoned his wife, or separated himself from her, nor refused or neglected to maintain and provide for her. She, as the bill admits, left his home, and abandoned him.
With the view I have taken respecting the jurisdiction of the court, I think I may safely conclude, that it is at least extremely doubtful whether the complainant is entitled to the relief she seeks by her bill. As the court ought not, in a case of doubt, to order a ne exeat, I consider this objection to the jurisdiction of the court, for the purposes of this argument, to be well taken.