COLUMBUS C. ROCKWELL and wife *vs.* JAMES R. MORGAN and others.

An order for maintenance *pendente lite* will not be made in behalf of a widow on her bill for dower.

Upon general principles alimony or maintenance is not allowed except as against the husband himself, and that only as incidental to a bill for divorce or other relief against the husband.

*H. V. Speer* and *Attorney General*, for petitioners.

*P. D. Vroom*, for defendants.

THE CHANCELLOR. On the 30th of August, 1858, the complainant filed her bill in this court to recover her dower in the lands whereof her husband, Charles Morgan, died seized. The defendants are the children of Charles Morgan, and the devisees under his will of the lands in question. The widow has nothing under the will of her husband. She is entitled only to her estate in dower. She claims dower in the whole of his land. This claim is not disputed. As to a part of the land, she claims that in equity she is entitled to the ownership. But if this claim is not sustained she asks dower in these lands also. The bill of complaint was filed on the 30th of August, 1858. She now, by her petition, asks that the rents of a part of the real estate may be paid to her *pendente lite*, or that such other allowance or provision may be made *pendente lite* out of the rents and profits of the said real estate as shall seem meet and proper.

When this application was presented it seemed to me to be eminently just. The husband died seized of a large real estate—he left his wife nothing but her dower. A part of this land was purchased with her own property. Her title to dower is undisputed. Her children are in the enjoyment of the property. She is without the means of livelihood. Her husband has been dead several years. Her claim is still pending undecided in this court. She asks that a portion of the rents of an estate admitted to · be hers should be paid to her for her support *pendente lite*. It seems difficult to conceive of a case which presents a stronger claim to the favorable consideration of a court of equity.

And yet I have been unable to discover any principle upon which the relief asked for can be granted, nor have I found any case which supports the application. It is simply a request for maintenance out of the property in question during the progress of the controversy. The claim clearly does not fall within the equitable principle which allows to a wife a maintenance during the progress of a suit against her husband. The personal property of the wife is in the husband's hands and under his control during coverture. The wife is presumed to be entitled to support until it is shown that her claim is forfeited. In a controversy with her husband it is just that she should have the means of enforcing her claim or of testing its validity. But the doweress is not under coverture. The claim is not against her husband, nor even against his estate. She is attempting to enforce a claim to a legal estate against lands devised to her children. If the claim were against the purchasers of the land from the husband, it would scarcely be pretended that the tenant could be compelled out of the proceeds of the land to contribute to the support of the doweress pending the controversy. But what stronger claim has she in equity against her husband's children than she would have against a stranger. She clearly has no claim in this court

to alimony or maintenance from the children. I know of no case in which this claim is allowed except as against the husband himself, and that only as incidental to a bill for divorce or other relief against the husband, except in the case specially provided by our statute. *Nix. Dig.* 206, § 10.

Such seems to have been the view heretofore taken of this question in this court. *Miller* v. *Miller, Saxton,* 389; *Yule* v. *Yule,* 2 *Stockton* 138.

In the case of *Turrell* v. *Turrell,* 2 *Johns. C. R.* 391, where the wife filed a bill against her husband charging that he was attempting to get possession of a legacy left her by her father, the court permitted her to receive the interest of the note during the controversy. But this allowance was made under the authority of a statute. The claim, moreover, was against the husband himself. I lay no stress upon the circumstance, that in this case the doweress is married, and that the suit is brought by the husband and wife jointly.

The motion is denied with costs.