SAMUEL SNOVER *vs.* ELIZA SNOVER.

Alimony.

Application to increase or diminish the allowance may be made by petition.

| 13 | 261 |
| 52 | 573 |
| 13 | 261 |
| a58 | 576 |
| 13 | 261 |
| 62 | 12 |
| 62 | 13 |

*Kennedy* and *Williamson,* for petitioner.

*Sherrerd,* contra.

THE CHANCELLOR. A divorce from bed and board between the parties in this cause was granted, on the application of the wife, at October term, 1854. The decree allows alimony to the wife, and directs that the youngest child should remain with the mother, and that the father should pay seventy-five cents a week to the mother for the maintenance, education, and clothing of the said child. Leave was given to either party to make application from time to time for a change in the allowance. The allowance made to the wife for alimony and for the support of the child were declared to be a lien upon the real estate of the husband in this state, and he was also required to give further reasonable security for the punctual payment of the allowance.

The husband has now filed a bill to be relieved from

the further payment of the allowance for the support, education, and clothing of the child. The mother has also petitioned for an increase of the allowance. This case was fully considered by the Chancellor, and upon a careful consideration of the evidence adduced upon the present application I see no ground to change the allowance made at the time of the decree. There has been no such change in the condition of the child or in the circumstances of the parents as to warrant either a change in the amount or a discontinuance of the allowance.

The principal grounds of the application on the part of the father are the incapacity of the mother to act as the guardian of the daughter; that the child was taken from the duties of housekeeping and put to labor in the fields, at work suitable only for the male sex; that her education has been neglected, and that she has actually earned her own living. These charges are fully met and overcome by the evidence in the case. I am satisfied that there is no reason for withholding the allowance on either of these grounds. The omission to send the child to school for a portion of the time has been satisfactorily explained. Her employment and education has been adapted to her situation and condition of life. There is nothing in the evidence showing that she had been improperly employed in services not suitable to her age and sex.

Another ground, and that most seriously urged upon the argument, was that the child was now of an age to choose her own guardian, and that she should be permitted to live with her father or her mother as she might prefer; that so long as the allowance to the mother is continued the child is virtually deprived of the freedom of choice. If there was any evidence that the child desired to live with the father, and that he was a proper person to have the care and charge of her, there might be weight in this suggestion. But so long as she is satisfied to remain with her mother, it is not perceived that the

allowance for her support should be discontinued, or that its continuance in any wise interferes with her freedom of choice or with the just rights of the father. There is moreover this serious objection to relieving the father on this ground from the allowance. He is not a resident of this state. If he should be relieved from the payment of the allowance, and the securities now held by the court for its payment should be discharged, there would be no mode of compelling the father to support the child in case it should become necessary to make such order in future. In case of sickness or disability she would be thrown entirely upon the mother for her support.

On the other hand, I see no reason whatever for an increase of the allowance. The evidence does not show such an increase in the cost of maintaining and educating the daughter as to justify an increase of the allowance.

Both motions are denied without costs on either side. The injunction heretofore granted to restrain the collection of the allowance must be dissolved.

From the evidence now before the court, I incline to the opinion that if the daughter continues in health the allowance for her support should cease when she attains the age of eighteen. I will hear an application on this ground from the father at the proper time. No bill is necessary for that purpose. The application may be made by petition.