RACHEL HALSTEAD

*v.*

DAVID HENRY HALSTEAD.

[Decided September 24th, 1908.]

1. A separation agreement between husband and wife is not abrogated by the institution by the wife of a suit for divorce.

2. A separation agreement between a husband and wife is enforceable only in equity to the extent that it is just.

3. While the law does not favor separation between husband and wife, it favors a settlement outside of court of all matters in dispute.

4. A wife, under a separation agreement, which binds her husband to pay to her a weekly sum in full of claims for support and alimony, and which binds her not to demand any other payment, cannot, on obtaining an order for temporary alimony in a suit by her for divorce, recover on the agreement; but she may recover thereon until such order is obtained.

On final hearing on bill, answer and proofs in open court.

*Mr. Ralph W. Skinner,* for the complainant.

*Mr. Archibald C. Hart,* for the defendant.

GARRISON, V. C.

The parties to this suit are husband and wife, and the bill is filed for the purpose of obtaining a decree against the defendant for money alleged to be due to the complainant by virtue of an agreement between the parties.

The agreement in question is dated June 21st, 1904, and is to be read in connection with a previous agreement between the parties.

Taken together, these agreements provide for the parties living separate, and that the defendant should pay to the complainant the sum of $7 a week in full of all claims for the support, maintenance and clothing of herself and children, she, upon her part, agreeing to receive and take the same in full satisfaction for her support and maintenance and all alimony whatever, and that she "shall not nor will at any time or times hereafter ask or demand of or from the party of the first part" (the defendant here) "any payment or allowance other than the payment or allowance last herein above provided for * * *."

The defendant made payments under this agreement up to and including the 31st of October, 1904, and one subsequent payment of $7 in November of that year. On the 7th of March, 1905, the complainant commenced an action for divorce against the defendant on the ground of desertion and adultery, and on the 20th day of November, 1905, on the motion of her solicitor, an order was made in the divorce suit that the defendant pay to her for the support and maintenance of herself and children,

pending the determination of said suit for divorce, the sum of $5 per week from the date of said order to the date of taking proofs.

The present demand of the complainant is for the sum of $7 per week from the 31st of October, 1904, with a credit of $7 for one payment made in November, up to the 20th day of November, 1905, and for the sum of $2 per week from the last-mentioned date to the date of the filing of the bill. or the date of the final decree, as the court might determine this question. This sum of $2 is the difference between the $7 provided for in the agreement and the $5 provided for in the order for alimony *pendente lite* in the divorce suit.

The defendant contends, first, that the institution of the suit for divorce abrogated the written engagement or agreement between the parties.

It is the law of this case that it does not.

A demurrer was filed to the bill, and Chancellor Magie, in an opinion filed in this suit on the 19th of July, 1907, in overruling the demurrer, held that "the institution and continuance of that suit (the divorce suit) is not a bar to a bill to enforce the agreement for support." That this decision of the chancellor is supported by authorities will appear from the following: *21 Cyc. 1598 ¶ 9; Buttlar v. Buttlar, 71 N. J. Eq. (1 Buch.) 671 (Vice-Chancellor Garrison, 1906).*

Engagements of this character, between husband and wife, must be enforced in a court of equity, because at law, the parties being incapable of contracting, a court of law does not recognize their engagements as legal, and they must therefore come into equity to enforce them. A court of equity enforces them when and to the extent that it finds that the engagement was equitable and just. The general principle and the authorities will be found cited in *Buttlar v. Buttlar, supra.*

I can see no reason why this agreement should not be enforced up to and including the date when the order in the divorce suit was obtained awarding the wife temporary alimony. I do not think it should be enforced against the husband during the time that the order for temporary alimony is operative.

While the law does not favor separation between husband and wife, it does favor a settlement out of court and without resort to litigation of all matters in dispute.

The attitude that the court takes towards agreements of this nature is well expressed in the case of *Galusha* v. *Galusha, 116 N. Y. 635.*

The parties to this suit, after they separated, entered into the agreements in question. One purpose of those agreements undoubtedly was to provide a proper sum for the wife's support and oblige the husband to pay the same, and permit him to rest in security from other importunity or demand. She engages in the agreements that she will not ask or demand of or from him any payment or allowance other than the one provided therein. By applying for temporary alimony she departed from the letter and spirit of the written engagement between herself and her husband. Instead of relying upon the written engagement and the remedies available to her to enforce the same, she applied to a court to fix such sum as in its discretion was proper and enforce the same by different and other remedies. I do not think it equitable to permit her to have the benefits of this other demand and, in addition, to retain in its virility the obligation of the defendant under the written engagements. Having, with respect to the very subject-matter, made an agreement, which as I have pointed out heretofore the law favors parties doing, she should either have abided by that agreement, or, if she departs from it, must suffer whatever the consequences of her departure are. That she did depart from it is unquestioned. The consequences are that during the time that she was receiving the results of her other demand she cannot enforce this agreement against her husband. Whether she can or not after the final decree in the divorce suit, if that either awards her alimony or she does not apply for or secure the same, I do not determine, because it is not before me. What I do determine here is that she is entitled to the full amount under this agreement up to the time that the order for temporary alimony became operative, but that after that time she may not enforce this agreement during the operation of the order for temporary alimony.

Since the defendant had not paid what I find he should have paid, I think it proper to award costs, if, in any event, the matter was debatable and rested in discretion.

1 will advise a decree in accordance with these conclusions.