JOHN R. EMERY, FREDERIC W. STEVENS, EUGENE STEVENSON,
EDMUND B. LEAMING, JAMES E. HOWELL, VIVIAN M.
LEWIS, JOHN H. BACKES AND JOHN GRIFFIN,
VICE-CHANCELLORS.

LAURA STAATS RENNIE

*v.*

ELWOOD C. RENNIE.

[Decided September 29th, 1915.]

1. A father cannot relieve himself from his continuing duty to support his infant children by entering into a separation agreement with his wife which provides for the payment by him to her of a stipulated sum per week for the support of herself and their children, which sum is

1

inadequate for the support of both the wife and the children; and this court will, in such a situation, compel the husband to pay a greater sum for the support of his wife and children than that stipulated in the agreement.

2. When husband and wife enter into a separation agreement which provides for the payment by the husband to the wife of a stipulated sum per week for the support of herself and their infant children, and the wife brings a suit for divorce against her husband on the ground of adultery (which such an agreement cannot operate to bar), she may elect to apply for alimony, rather than to enforce the agreement *pendente lite;* especially so if she desires an increased allowance because of children who are dependent upon her.

3. While a separation agreement between husband and wife is not abrogated by the institution by the wife of a suit for divorce, it is no impediment to awarding the wife temporary alimony in her suit.

On application for alimony and counsel fee *pendente lite.*

*Mr. Charles F. McKinney,* for the petitioner.

WALKER, CHANCELLOR.

This is a suit for divorce on the ground of adultery, in which the petitioner has applied for alimony and counsel fee *pendente lite.*

While, doubtless, the separation agreement between the parties annexed to the petition for alimony, which provides for the payment by the husband to the wife of $5 per week for the support of herself and their children, may be specifically performed, as in *Aspinwall* v. *Aspinwall, 49 N. J. Eq. 302,* nevertheless, as the sum is inadequate to support both the wife and the children, and as the court will not relieve the husband from his continuing duty to support his infants, an order will be made requiring him to pay $7 per week for the support of his wife and children. *Bidd. N. J. Div. Pr. (2d ed.) 150 note w.*

In *Roarke* v. *Roarke, 77 N. J. Eq. 181,* it was held that an order of a police justice requiring weekly payments to be made for the support of a wife and child precluded an application by the wife to this court for maintenance while the adjudication of the justice was still in force and being *obeyed,* the implication being that if the order, although in force, was not being obeyed, alimony might be granted here.

In the case at bar, the defendant has failed to live up to his agreement to pay the weekly sum stipulated therein. The wife, therefore, I think, may elect to apply for alimony, rather than to enforce the agreement *pendente lite,* especially as she desires an increased allowance because of children who are dependent upon her. And while such an agreement cannot operate to bar a suit for divorce for adultery, the agreement itself is not abrogated by the institution of such a suit by the wife (*Halstead* v. *Halstead, 74 N. J. Eq. 596*) ; and it is no impediment to awarding the wife temporary alimony in her suit. *Ibid. 598.*

A counsel fee of $15 will be awarded, together with the costs of this application.