The question for determination at this time is whether in a suit by a wife against her husband to recover money due and payable under the terms of a separation agreement between them, this court may require the husband to pay alimony to his wife to meet her present needs pending final hearing of the cause.
The bill discloses the existence of an agreement between the parties embodying the usual provisions of separation agreements, including an engagement by the husband to make semi-monthly payments of a specified amount to the wife during the joint lives of the parties; the bill also discloses default of the husband in failing to make the payments stipulated and the absence of rescission by either party to the agreement; recovery of the amount due is sought.
A petition has been filed in the cause by complainant, setting forth the provisions of the bill and disclosing that petitioner is presently without adequate means of support. The petition prays for an order requiring defendant to pay the reasonable cost and charges of the suit and to contribute to the support of petitioner pending final hearing of the cause.
At the return of an order to show cause issued pursuant to the prayer of the petition defendant questions the jurisdiction of the court to make the order sought by the petitioner.
The objection of defendant must be sustained.
The jurisdiction of the court of chancery in matters of alimony is purely statutory. By section 25 of our Divorce act (2 Comp.Stat. p. 2035) alimony may be awarded either pending a suit for divorce or nullity of marriage or after a decree of divorce. By the following section of the act (section 26) in a suit for maintenance alimony may be ordered paid by a husband to his wife in case the husband, *Page 315 
without justifiable cause, shall abandon his wife or separate himself from her, and refuse or neglect to maintain and provide for her. The latter section (section 26) is understood to be the only source of power of the court of chancery to decree the payment of alimony except as an incident to a suit for divorce or nullity of marriage. Yule v. Yule, 10 N.J. Eq. 138, 144;Rockwell v. Morgan, 13 N.J. Eq. 119, 121; Anshutz v. Anshutz,16 N.J. Eq. 162, 165. It is said that no English court enjoyed the power conferred by section 26 except as an incident of a suit for divorce. Ball v. Montgomery, 2 Ves. Jr. 191, 195. That power was not conferred upon the court of chancery of this state in the original Divorce act of 1794 (Pat. 143), but was first conferred by the act of February 16th, 1820 (Rev. 667), in subtsantially the same language employed by our present act.
It follows that since the present suit is not for divorce or nullity of marriage any authority of this court to award the relief sought in the present petition must be found in section 26 of our Divorce act.
No doubt can be said to exist touching the right of this court to entertain the bill for the recovery of the payments due under the terms of the separation agreement. The agreement is between the parties without the intervention of a trustee and is in full force and effect, since neither party has sought its abrogation or in any way repudiated its obligations, except as to the default of the husband in making the payments stipulated.Aspinwall v. Aspinwall, 49 N.J. Eq. 302; Whittle v. Schlemm
(Court of Errors and Appeals), 94 N.J. Law 112; Buttlar v.Buttlar, 71 N.J. Eq. 671; Halstead v. Halstead, 74 N.J. Eq. 596.
Also, for present purposes, it may be assumed that the wife is in need of pecuniary support from her husband and that the husband is able to supply that need; the want of power of this court to require the husband to do so in the pending suit on the separation agreement arises from the fact that the husband has not abandoned his wife in the sense that the term is employed in section 26 of our Divorce act. In Margarum v. Margarum,57 N.J. Eq. 249, 250, it is specifically *Page 316 
determined that mere failure to support is not an abandonment within the meaning of that section; that the abandonment of a wife by a husband, as there contemplated, is the act of the husband in separating himself from his wife without justifiable cause; that the wrongful separation and failure to support must unite to bring the situation within the provisions of that section of the statute. That view I think has been uniformly accepted, and is in no way modified in principle by the authorities holding that where the wife is in effect driven from the home through the wrongful conduct of her husband the separation may be said to be his abandonment of his wife.
In the present case the husband has not abandoned his wife or separated himself from her. Their separation was by mutual assent pursuant to the terms of the separation agreement, and that mutual assent still exists.
In Patton v. Patton (N.J. Ch.), 58 Atl. Rep. 1019, almost the precise situation here present was considered. It was there determined by Chancellor Magie that no alimony could be recovered by a wife under section 26 of our Divorce act (then section 20) where the separation was under a separation agreement and had not been repudiated by the wife, since in such case the separation could not be said to be without justifiable cause.
The prayer of the petition for alimony pendente lite will be denied.
The petition also prays for an allowance to the wife of suit money, and her affidavit states that she is without funds. The general rule is that in litigation between a husband and wife, the wife is regarded as a privileged suitor and is entitled to aid from her husband when necessary to enable her to properly present her cause. Marker v. Marker, 11 N.J. Eq. 256. I do not find this rule to be limited to suits for divorce or maintenance. An allowance will be made for that purpose. *Page 317