MARION S. DIMICK, Appellant, *v.* CHARLES HARCOURT DIMICK, Respondent.

First Department, June 23, 1930.

*Bernard I. Kamen* of counsel [*Kamen & Ostertag,* attorneys], for the appellant.

*Andrew Wilson* of counsel [*Malcolm H. Frost* with him on the brief; *Archibald L. Jackson,* attorney], for the respondent.

SHERMAN, J. The parties were married in Massachusetts and came to New York to reside. At the trial it was stipulated that in or about the month of April, 1923, an oral separation agreement was entered into between them, wherein defendant agreed to pay plaintiff for her support and maintenance the sum of $200 per month. The second cause of action declares upon that agreement and is for the sum of $5,775, concededly unpaid thereunder. The first cause of action was based upon the alimony awarded by a judgment of divorce of the Superior Court of Grafton county, N. H. But defendant had not been served with process, nor did he appear in that suit. That court obtained no jurisdiction. The judgment was a nullity. The Trial Term properly dismissed that cause of action.

The agreement for plaintiff's support and alimony having been concededly made by defendant and partially carried out, and the amount unpaid thereon having been fixed by stipulation, the only surviving question was whether or not plaintiff broke that agreement and forfeited her right to further payments thereunder by entering the New Hampshire court. That attempt was futile; no action was actually commenced in that court, since it never acquired jurisdiction.

Defendant had heretofore contended (when moving to compel plaintiff to serve an amended complaint) that plaintiff could not maintain the second cause of action upon the oral agreement because of the proceedings in the New Hampshire court; but the law of the case on that point was definitely established by this court by its decision (*Dimick* v. *Dimick,* 225 App. Div. 852) that the causes of action were not inconsistent with each other.

In *Galusha* v. *Galusha* (116 N. Y. 635) it was held that after the making of the separation agreement, " it was not in the power of either party, acting alone and against the will of the other, to do an act which would destroy or affect that contract."

In *Rosenblatt* v. *Rosenblatt* (209 App. Div. 373, 374) the court stated: " Plaintiff by bringing the action has attempted to repudiate the separation agreement, but defendant did not assent to that proceeding. * * * Plaintiff alone cannot terminate the agreement. The consent of both parties is required." 

In *Benesch* v. *Benesch* (182 App. Div. 221) the judgment was reversed because the Special Term had allowed alimony in excess

of the amount provided in the agreement which had not been repudiated by the defendant.

In *Randolph* v. *Field* (165 App. Div. 279) defendant, by his refusals to make the payments required by the agreement, had repudiated the agreement, and the plaintiff, confronted with the alternative of relying on the separation agreement for her support, or repudiating it and asserting her marital right to be supported by her husband, had chosen the latter course.

In the present case there is no evidence of repudiation by defendant of the separation agreement. A concededly valid agreement cannot be abrogated and defendant relieved of his marital obligation because of a wholly ineffectual proceeding. Furthermore, the alimony agreement contained no engagement on plaintiff's part not to sue defendant, as in *Mangone* v. *Mangone* (130 Misc. 712). Accordingly she has not violated any of its terms and defendant has established no defense to his liability for the amount due thereunder.

We are not unmindful of defendant's argument that the agreement was invalid on the ground, as he asserts here, that the parties were living together when the agreement was made. But the stipulation made on the trial precludes defendant from now asserting that contention. He stipulated that he made the agreement sued on, thereby necessarily importing, in the absence of reservations, that it was a legal agreement; surely the parties did not stipulate the existence of an illegal agreement. Moreover, the stipulation was made in lieu of the introduction of letters from defendant to plaintiff which were about to be offered in proof of that agreement and which might have shown that the parties were living apart when the agreement was made. Evidently the stipulation was entered into at trial in order to shorten the trial, and left to defendant the right to contend that the proceedings attempted to be initiated by plaintiff in the New Hampshire court constituted a defense.

The judgment appealed from should be reversed, with costs, and judgment ordered in favor of plaintiff and against defendant for $5,775, with interest and costs.

McAvoy, Merrell, Martin and O'Malley, JJ., concur.

Judgment reversed, with costs, and judgment ordered in favor of plaintiff and against defendant for $5,775, with interest and costs. Settle order on notice.