DORUS C. ROBERTSON, PLAINTIFF-RESPONDENT, v. WIL-
LIAM ROBERTSON, Sr., DEFENDANT-APPELLANT.

Argued January 16, 1935—Decided April 11, 1935.

Before Justices LLOYD, CASE and DONGES.

For the plaintiff-respondent, *Charles S. Barrett, Jr.*

For the defendant-appellant, *John G. Flanigan.*

The opinion of the court was delivered by

CASE, J.  Plaintiff, the daughter-in-law of the defendant,
sued upon a contract between plaintiff and defendant wherein
the latter undertook to pay certain moneys for the mainte-
nance of plaintiff and her children if plaintiff's husband,
William Robertson, Jr., son of the defendant, failed to make
such payments in accordance with the terms of another agree-
ment of the same date between plaintiff and her said hus-
band.  The judge, sitting without a jury, gave judgment to
the plaintiff and defendant appeals.

Appellant's contention is that the contract between hus-
band and wife is void and that in consequence the contract
of guaranty now sued upon is of no effect.  The contention
that the contract between plaintiff and her husband is void
depends upon the common law doctrine that husband and
wife cannot contract with each other, at least without the
intervention of a trustee, because, in contemplation of law,

they are but one person. Respondent admits that that agreement is unenforceable in a court of law but contends that an agreement for maintenance is enforceable in equity and therefore cannot be considered void in any sense of the word. Without conceding that a contract for maintenance is enforceable as a matter of strict right even in a court of equity, we note that there is nothing novel in the proposition that a transaction between husband and wife may be enforceable in equity and yet void at law. *Woodruff* v. *Clark and Apgar,* 42 *N. J. L.* 198; *Lister* v. *Lister,* 86 *N. J. Eq.* 30. It may also be observed that alimony is a subject specifically committed to the Court of Chancery. *Apfelbaum* v. *Apfelbaum,* 111 *Id.* 529. But these statements of the law do not dispose of the case.

The facts went to the trial court in a brief stipulation, included with which were several documentary exhibits. Amongst the latter were *Exhibit P-1,* the contract between the plaintiff and her husband, made May 26th, 1930, and *Exhibit P-2,* the contract sued upon, made on the same day between the plaintiff and the defendant.

If we adventure upon the paths of surmise, we may guess that the several agreements anticipated a divorce proceeding and that there have been such a proceeding and a decree therein. But an assumption that there is or has been a divorce proceeding would be pure conjecture, not stated or referred to in the stipulation, not presented in the briefs, and mentioned now only to emphasize that we are not passing upon the application of the law to such a state of facts. So far as appears the moneys sued for are the weekly payments accruing for the support of Mrs. Robertson and the children of the marriage during the absence of the husband of Mrs. Robertson and the father of the children, William Robertson, Jr., under a written promise by him to pay and also under a separate agreement, with a separate consideration, made under seal, between appellant as party of the first part and Mrs. Robertson. The latter agreement includes these words:

"Now, therefore, the party of the first part (viz., appellant herein) in consideration of the premises and of the execution of the aforesaid agreement by said Dorus C. Robertson and of the sum of One Dollar ($1.00) by her to him in hand paid, receipt whereof is hereby acknowledged * * * does hereby covenant and agree to and with said Dorus C. Robertson that if said William Robertson, Jr., shall fail to make any payments of money as set forth in said agreement covenanted by him, then and in that event, the party of the first part hereof shall upon demand and upon adequate proof that such payments have not been made, pay the same to said Dorus C. Robertson."

It is admitted that William Robertson, Jr., did fail to make his covenanted payments up to the sum sued for and that demand and adequate proof were duly served upon the appellant.

The reason for the illegality at common law of a transaction between husband and wife, namely, that they are one person in law (*Woodruff* v. *Clark and Apgar, supra*), does not apply to the contract sued upon. It was said in *Aspinwall* v. *Aspinwall*, 49 *N. J. Eq.* 302, that "stipulations for the support of the wife, who is living apart from her husband with his assent, have always been regarded as enforceable in a court of equity in this state." While the word "enforceable" must be read in the light of the more recent decisions, it is quite apparent that an agreement by a husband for his wife's support is not and was not considered immoral or against public policy; and if this be true of the agreement between Mrs. Robertson and her husband, it is true also of the agreement between Mrs. Robertson and the appellant. Upon the facts presented appellant's contract was legal and enforceable.

The judgment below will be affirmed.