ELIZABETH RENNIE, Appellant, *v.* ROBERT G. RENNIE, Respondent.

First Department, April 10, 1941.

*Gustov Nadel* of counsel [*David Rapoport*, attorney], for the appellant.

*Wm. C. Kronmeyer*, for the respondent.

O'MALLEY, J. Plaintiff, waiving her appeal from dismissal of her first cause of action, confines it to so much of the judgment in her favor upon the second cause of action (entered upon consent after rulings on law by the trial justice and without submission to the jury) as limits her recovery on a separation agreement to the date of a decree of divorce obtained by defendant against her in New Jersey.

By instrument which the parties and the trial justice have deemed a separation agreement (made the basis of the second cause

of action) defendant agreed to pay plaintiff ten dollars a week " for the remainder of her life, Provided said party of the second part [plaintiff] remains single." Plaintiff had not remarried at the commencement of this action and it was conceded that she had not breached any of the covenants of the agreement.

Defendant, after the making of the separation agreement, commenced an action for divorce against plaintiff in New Jersey and obtained judgment. Thereafter, plaintiff herein moved to vacate the decree and, upon securing that relief, interposed an answer. This contained a counterclaim for separation, support and maintenance, and specifically referred to the separation agreement. She then moved for support, maintenance and counsel fees, again referring specifically to the separation agreement. No award, however, was made.

After hearing before an Advisory Master, the original decree of divorce was reinstated and plaintiff's counterclaim for separation, support and maintenance dismissed.

The question here presented is whether plaintiff, by her counterclaim for support and maintenance and her subsequent motion for such relief, made so conclusive an election of remedies as to preclude her from recovery upon the separation agreement after the date the New Jersey decree was reinstated.

The trial justice was of opinion that this question of election of remedies was to be determined by the law of New Jersey. Assuming without conceding that this view was proper, the record does not seem to justify the result reached.

Two cases in the New Jersey Equity Reports were relied upon. In the first (*Halstead* v. *Halstead*, 74 N. J. Eq. 596; 70 A. 928) it was held that the institution of a suit by a wife for divorce, in which an allowance for support and maintenance of plaintiff and her children was made, did not abrogate the written agreement between the parties. The court held merely that the agreement should not be enforced against the husband during the time that the provision for temporary alimony was operative. In reaching its conclusion, the court adopted the reasoning of a leading case in this jurisdiction (*Galusha* v. *Galusha*, 116 N. Y. 635).

In the situation before us, plaintiff never received an award of alimony or counsel fee in the New Jersey action. Hence, under the decision in *Halstead* v. *Halstead* (*supra*), the separation agreement never became inoperative and, of course, was not abrogated.

The second of the two cases referred to was that of *Rennie* v. *Rennie* (85 N. J. Eq. 1; 95 A. 571). It followed the decision in the *Halstead* case, holding that the agreement of separation was not abrogated by the institution of a suit by the wife for divorce on the ground of adultery.

Under these decisions, it was error, it seems to us, to hold as a matter of law that plaintiff, merely by counterclaiming for separation and maintenance and making a motion for support, had abrogated the separation agreement. Particularly is this so since the plaintiff received no award for support or counsel fee in the New Jersey suit.

Nor on the record before us could it properly have been found as a question of fact by the jury or the court that the New Jersey law was as stated by the trial justice. While the defendant called as a witness a New Jersey attorney who testified with respect to the finality of the divorce decree, he was not examined as an expert as to the fact of the New Jersey law.

On the other hand, plaintiff's expert, her attorney in the New Jersey action, testified directly and unequivocally that in the circumstances here presented plaintiff had not abrogated the separation agreement or lost any rights under New Jersey law.

It would seem, moreover, that, if the question of election of remedies was to be determined by the law of this State, plaintiff lost no rights under the separation agreement. That our law might well be applied is evidenced by the fact that in the New Jersey case of *Halstead* v. *Halstead* (*supra*) the New York rule, as laid down in *Galusha* v. *Galusha* (*supra*), was adopted. The doctrine of *Galusha* v. *Galusha* (*supra*) is still the law in this jurisdiction. (*Goldman* v. *Goldman*, 282 N. Y. 296, 301.)

The mere filing of a counterclaim by plaintiff in the New Jersey action asserting a claim for support and her motion for like relief, would not justify a holding *as a matter of law* that plaintiff had surrendered all rights under the separation agreement. (*Woods* v. *Bard*, 285 N. Y. 11.)

It is the rule that a firm and binding election of remedies is had only when several remedies available to a party are inconsistent or mutually exclusive. In most cases, in fact, it is not a true choice between remedies, but rather a choice of alternative substantive rights. (*United States* v. *Oregon Lumber Co.*, 260 U. S. 290, 294, 295; *Clark* v. *Kirby*, 243 N. Y. 295; *Schenck* v. *State Line Telephone Co.*, 238 id. 308.)

Here, plaintiff obtained no relief in the New Jersey action since her counterclaim was dismissed because of the divorce granted her husband dissolving the status upon which the right for support and maintenance was predicated. She still, however, it seems to us, was entitled to her rights under the separation agreement which was enforcible during her life, or until remarriage, or breach of the covenants binding upon her.

That the remedies in an action at law upon a separation agreement and resort to the court in a matrimonial action may be concurrent has been held in this jurisdiction. (*Goldman* v. *Goldman, supra; Braunworth* v. *Braunworth*, 285 N. Y. 151.)

Here, the application by plaintiff to the New Jersey court for relief was futile and she should not be bound as a matter of law, or of fact upon this record, by a holding that she had abrogated the separation agreement under which the defendant herein was in default. (*Dimick* v. *Dimick*, 230 App. Div. 99.)

In the present case, plaintiff's rights under the separation agreement were broader than those which would be accorded her in a matrimonial action. She was to get support even after the marriage was dissolved and for her lifetime. Losing her rights to a claim for support and maintenance in the matrimonial action, it would be most inequitable to hold that she had surrendered all her rights under the agreement.

There seems to be no force to the distinction sought to be drawn between cases where the husband has fully performed the separation agreement and where he has been in default. If a wife in the latter circumstances were bound to an election of abrogating a separation agreement by merely applying in a matrimonial action for support and maintenance, there would be a premium put upon the husband's default. No one should be permitted to profit by his own wrong.

It follows, therefore, that the judgment in so far as it dismisses plaintiff's first cause of action should be affirmed, the action severed, and a new trial ordered of the second cause of action, in conformity with the opinion herein, with costs to the appellant to abide the event, unless within five days after service of the memorandum decision herein the defendant consents to the proper increase in plaintiff's recovery upon her second cause of action, in which event the judgment in that respect will be modified by increasing the amount thereof and, as so modified, affirmed, with costs to the appellant.

MARTIN, P. J., DORE, COHN and CALLAHAN, JJ., concur.

Judgment, in so far as it dismisses the first cause of action, unanimously affirmed, the action severed, and a new trial ordered of the second cause of action, in conformity with the opinion herein, with costs to the appellant to abide the event, unless within five days after service of the memorandum decision herein the defendant consents to the proper increase in plaintiff's recovery upon her second cause of action, in which event the judgment in that respect will be modified by increasing the amount thereof, and, as so modified, affirmed, with costs to the appellant. Settle order on notice after expiration of said five-day period.