SECOND DISTRICT COURT OF PATERSON.

TIMMERMAN v. TIMMERMAN.

Decided January 30, 1945.

For the plaintiff, *Meyer W. Stein.*

For the defendant, *I. Arthur Weiss.*

SILBERMAN, D. C. J. This was an action instituted by the plaintiff to recover the sum of $259, being an alleged arrearage under an agreement executed between the respective parties on April 9th, 1941, wherein the defendant-husband agreed to pay to the plaintiff-wife $7 per week. That such payments were made to the 1st of January, 1944, since which time the defendant herein has been in default. The copy of the agreement is attached to the state of demand and is entitled "In Chancery, &c.," and is designated as a stipula-

tion. It is signed by the respective litigants and their solicitors. There was introduced into evidence the decree nisi which became effective April 16th, 1941, and the decree of divorce which became absolute on July 16th, 1941. The petition for divorce and the answer were also by consent admitted into evidence.

The issue of jurisdiction was then raised by the defendant and it was stipulated by the respective attorneys to submit the matter to the court on memorandum.

I have perused the respective briefs submitted by counsel and digested the cases affecting this particular point. The plaintiff argues that the court of law has jurisdiction and amongst other things states that the present status of the litigants in the District Court is that of single woman and man, and not that of husband and wife. Of course, that is the situation at the time of the institution of the District Court suit, but at the time of the making of the contract or stipulation between the respective parties, which is the time to be considered in construction and determination of the purported contract. It is definitely admitted that on April 9th, 1941, the parties were husband and wife and were subject to our law which does not recognize the right of the respective parties to enter into an agreement with each other.

In the cases referred to by plaintiff's counsel, third parties instituted the action, either as trustees or by some other special right. In the case of *Apfelbaum* v. *Apfelbaum*, 111 *N. J. Eq.* 529; 162 *Atl. Rep.* 543, the appellate court agreed with the lower court when the Vice-Chancellor held that equity would not enforce the alimony clause because that was enforceable in law; it appears that in the Apfelbaum case the agreement sued upon was entered into between the parties long after the wife had secured a divorce from her husband, which would then of necessity be actually an agreement entered into between a single woman and a single man and recognized in law. Counsel referred to the case of *Robertson* v. *Robertson*, 114 *N. J. L.* 558; 177 *Atl. Rep.* 896, and in that case also the suit was by a wife against her father-in-law who guaranteed the payments under a separate agreement made between the husband and the wife. This

was definitely a legal arrangement to answer for the debt of another based upon an agreement made between the daughter-in-law and the son, and the father-in-law as the outside third party was subject to a suit at law; although subsequently this case was taken up on another point and reversed on the theory of fraud, it did not in any way affect the original legal interpretation.

The case of *Cohen* v. *Cohen*, 121 *N. J. Eq.* 299; 188 *Atl. Rep.* 244, referred to by the attorneys in their briefs is a lengthy and very elaborate opinion by Vice-Chancellor Berry, holding that a contract between a husband and wife for separate maintenance prior to divorce, although not a contract for alimony, is a contract concerning the common law rights of the wife to support and the provisions for support contained in said contract, if fair and just may be enforced in the Court of Chancery, to the extent of a money decree for accrued arrearages. This case further held that such a contract, because of the incapacity of the parties, is void at law but valid in equity to the extent that it is equitable and just. Equity has exclusive jurisdiction of contracts entered into between husband and wife. The fact that there is no capacity at law for them to make a contract is the controlling element. They are as a matter of fact void at law, but if fair, enforceable in equity. *Wood* v. *Chetwood*, 44 *N. J. Eq.* 64; 14 *Atl. Rep.* 21; *Demarest* v. *Terhune*, 62 *N. J. Eq.* 663; 50 *Atl. Rep.* 664, and *Halstead* v. *Halstead*, 74 *N. J. Eq.* 596; 70 *Atl. Rep.* 928.

There is no question that the contract upon which this action is based, is in essence a contract to pay alimony, and it is fundamental that alimony is a subject specifically committed to the Court of Chancery arising from the present or past status of the parties as husband and wife. The Divorce Act even goes further and states that the control continues after the decree of divorce is in effect. In cases where the wife is entitled to alimony, to regulate the amount of such alimony from time to time, to supervise agreements between the parties in that regard, to enforce them if deemed just, and to decline to recognize them otherwise. See *Calame* v. *Calame*, 25 *N. J. Eq.* 548. Following the theory of the court

in the case of *Lynde* v. *Lynde*, 64 *N. J. Eq.* 736; 52 *Atl. Rep.* 694, we gather from that case that the courts consider the right to alimony which is a decree of money payments as a purely personal right, not in any sense a property right. On the other hand, contract rights are property rights. This distinction was also followed in the case of *Adams* v. *Adams*, 80 *N. J. Eq.* 175; 83 *Atl. Rep.* 190.

Mr. Justice Bodine, in the case of *Zirk, Trustee,* v. *Nohr*, 125 *N. J. L.* 610; 18 *Atl. Rep.* (2d) 10, referring to the Cohen case says, "It has been held that a contract to support a wife, if fair and just, will be enforced in equity but that such agreement is unenforceable at law because of the incapacity of the parties to contract as to that matter." Of course, in *Zirk* v. *Nohr,* the facts were entirely different and there the court of law was the proper tribunal because there was no lack of contractual capacity in view of the fact that the father's agreement was to pay to a third party for the support of a minor child.

There is no question in the court's mind that the law is definitely settled in the controversies surrounding agreements for alimony or support signed by a husband and wife and presented to a court of law for the enforcement in the sense of money damages. The relationship of husband and wife being one which restricts the individuals from entering into contracts with each other, cannot be properly a subject for a court of law. It is therefore a matter for the Chancery Court and the proper procedure would be for the plaintiff to institute her proceedings in the Court of Chancery for the purpose of obtaining a money decree on account of the defendant's arrearage in support or alimony.

The judgment of the court will therefore be "no cause for action."