Plaintiffs, in their complaint, seek reformation of a deed executed by the defendant, May Philpott, then known as May Ferrante, for premises located at 4-36 17th Street, Fair Lawn, New Jersey; defendants, in their answer and counterclaim, seek dismissal of the complaint and a money judgment in favor of the defendant, May Philpott.
In 1945 and prior thereto, plaintiff, Elmer Ferrante, and defendant, May Philpott, were husband and wife, and the owners of the Fair Lawn premises as tenants by the entirety. They separated because of marital difficulties and despite his testimony that his wife had no grounds for divorce, he agreed with her that she should obtain a divorce in the State of Florida. She had no attorney and all of the arrangements were made through his attorney who engaged Florida counsel to act on her behalf. Under date of April 3, 1945, his attorney *Page 395 
prepared and obtained the execution of an agreement between them which provided that she would sell her interest in the Fair Lawn premises for the sum of $1500.00 plus $75.00 per week payable from the date of the agreement until the entry of the decree of divorce. At the same time she executed a bargain and sale deed to plaintiff, Frank J. Barteluce, who was acting as nominee for her husband, conveying her interest in the Fair Lawn premises which she described as "a one-half undivided interest". She received the sum of $1500.00 and the weekly payments of $75.00, obtained a divorce in the State of Florida and has since remarried. The plaintiff, Elmer Ferrante, has likewise remarried. Title to the Fair Lawn premises is now in Elmer Ferrante and his present wife Helen Ferrante, who are about to effect a sale thereof. In connection with the sale they requested May Philpott and her present husband the defendant, George Philpott, to execute a quitclaim deed and upon their refusal the plaintiffs instituted the present proceeding to obtain reformation of the bargain and sale deed so as to eliminate the reference to "a one-half undivided interest" and to convey May Philpott's entire interest therein.
The defendant, May Philpott, asserts that when she executed the agreement and deed dated April 3, 1945, the plaintiff, Elmer Ferrante, promised that she would receive $1500.00 in addition to the $1500.00 paid to her and that ultimately the Fair Lawn premises would be conveyed to their daughter, Dorothy. She further testified that at that time she gave him certain savings bonds owned by her. He testified that the bonds were divided between them, he taking those in his name and she receiving those in her name, and that he "got the best of the deal by a couple of hundred dollars". He denied that he had promised the additional payment of $1500.00 but acknowledged that he had at one time intended to convey the Fair Lawn premises to his daughter but had changed his mind. He does not dispute that at the time of their separation and divorce his wife received nothing whatever apart from weekly maintenance of $75.00 until the divorce, her own bonds, and $1500.00 for her interest as a tenant by the entirety in the *Page 396 
Fair Lawn premises which are subject to a mortgage of $4900.00 and are being sold for $12,000.00
The parties in this proceeding do not seek to upset the Florida divorce or the financial transactions incident thereto and the defendants have expressly withdrawn their counterclaim seeking a money judgment. The defendants contend, however, that under established equitable doctrines the plaintiffs are precluded from obtaining any relief in this court.
The defendants' contention must be sustained. See Hemingway v.Ball, 118 N.J. Eq. 378 (Ch. 1935) aff'd 119 N.J. Eq. 471(E. A. 1936); Wolff v. Wolff, 134 N.J. Eq. 8, 15 (Ch.
1943); Blaine v. Krysowaty, 135 N.J. Eq. 355 (Ch. 1944). In the first place, the evidence establishes that the plaintiff, Elmer Ferrante, dealt unconscionably with his wife in the financial arrangements between them. Our courts have held that where such financial agreements are made by husband and wife, the husband is under an affirmative obligation to deal fairly and justly with his wife. This obligation was in nowise properly discharged. Cf. Wolff v. Wolff, supra at p. 15. The facts render pertinent the doctrine that, "he who comes into a court of equity must enter with clean hands", and the court will deny "its remedies to a complainant who has been guilty of bad faith, fraud or unconscionable acts in the transaction which constitutes the basis of his suit." See Blaine v. Krysowaty, supra at p. 355. In the second place, our courts have held that arrangements such as those described herein for the facilitation of divorce are contrary to the public policy of our State and where, as here, they have been executed, this court will not extend its aid but will leave the parties "in the position in which they have placed themselves." See Hemingway v. Ball, supra at p. 381.
The complaint and counterclaim are dismissed. *Page 397