[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 28 
This is an appeal from an order touching the support of a child whose parents are divorced. The respondent deserted her husband, the appellant, eleven years ago, taking with her their only child, a daughter six years old. He obtained a divorce in the Court of Chancery in 1941 and she immediately married one Reitman, her present husband. The decree gave respondent custody of the daughter, who has remained a member of the Reitman family ever since. Mr. Reitman, who appears to be well-to-do, has borne willingly most of the cost of supporting the child. Mr. Cohen, the appellant, who had little income at the time of the divorce, has paid toward her maintenance $5 a week, at first voluntarily, later pursuant to an order of the court. In the course of the years, he has become more prosperous and lately has been paying out for his daughter about three times what the order requires; but these additional moneys he has given to the girl herself or expended directly for her account, and has *Page 29 
not paid them to Mrs. Reitman. Cohen has continued to be a devoted father, always solicitous for his daughter's welfare, bringing her to his own home for the week-end every fort-night or so.
In December, 1948, Mrs. Reitman instituted a proceeding in the Chancery Division to obtain from Cohen a larger sum for the support of the child. It resulted in an order for $17.50 a week instead of $5, or $910 a year, perhaps $150 more than Cohen had been paying for support, and gifts to his daughter, and the like. The order carried a counsel fee of $350. Cohen appeals.
We will mention briefly an agreement made pending the divorce suit while the parties were still man and wife. By it the woman agreed that after remarriage, she would support the child and the father would be relieved of any obligation in that regard. Since there appears to have been no consideration for the promise, the contract cannot be regarded as fair to the wife and so is not enforceable as against her. Lister v. Lister, 86 N.J. Eq. 30
(Stevenson, V.C., 1915); Ferrante v. Philpott, 1 N.J. Super. 393
(Jacobs, J., 1948). But even if the contract were equitable to the wife, it could not deter the court from making such provision for the support of the infant as might seem reasonable and proper. Rennie v. Rennie, 85 N.J. Eq. 1 (Walker, C., 1915). The court must attempt to serve the happiness and welfare of the child. R.S. 9:2-4.
In New Jersey it is well settled that the only enforceable obligations of a father or mother to support their children are those that are embodied in our statutes. Freeman v. Robinson,38 N.J.L. 383 (Sup. Ct. 1876); In re Ganey, 93 N.J. Eq. 389
(Fielder, V.C., 1922); In re Rogers' Estate, 96 N.J. Eq. 6
(Walker, C., 1924); Kopach v. Polzer, 5 N.J. Super. 114
(App. Div. 1949). The statute that governs the present case isR.S. 2:50-37, as amended by P.L. 1948, c. 320, § 25. It empowers the court to make such order "touching the care, custody, education and maintenance of the children, or any of them, as the circumstances of the parties and the nature of the case shall render fit, reasonable *Page 30 
and just." Ordinarily, the obligation of the parent to support ends when the child reaches full age, although it might continue indefinitely if the child were crippled or unable to support himself. In many cases, the obligation terminates when the child is around 18 years. Ames v. Ames, 4 N.J. Eq. 171 (Pennington, C., 1842); Snover v. Snover, 13 N.J. Eq. 261 (Green, C., 1861); 1 Blacks. Com. 449. It is probably safe to say that when the family situation is such that, had there been no divorce or separation, the child would have gone to work and become self-supporting before attaining age 21, the duty of the parents under the statute likewise terminates while the child is still a minor. On the other hand, in a family where a college education would seem normal, and where the child shows scholastic aptitude and one or other of the parents is well able financially to pay the expense of such an education, we have no doubt the court could order the payment. See, however, Streitwolf v.Streitwolf, 58 N.J. Eq. 570 (E. A. 1899); Ziesel v.Ziesel, 93 N.J. Eq. 153 (E. A. 1921). The responsibility of father and mother is equal except as the circumstances of the particular case cast on one or the other the greater burden. Said Vice-Chancellor Pitney, "Upon general principles, I am unable to perceive any difference between the parents as to their duty of support of their child. Each is equally responsible for the existence of the child, and each by natural instinct feels the duty, as well as the desire, to protect and nourish their common offspring." Alling v. Alling, 52 N.J. Eq. 92, 97 (1893). Our statutes at the present time cast no greater responsibility on one parent than on the other. This is true not only of the section of the Divorce Act, which is the basis of the present proceeding, R.S. 2:50-37, but also of the act concerning minors, R.S. 9:2-4, and the pertinent provisions of the Poor Law, the Disorderly Persons Act and Crimes Act. R.S. 44:1-140; 2:204-1 and 2:121-2. "The circumstances of the parties and the nature of the case" determine what should be ordered.
The young girl's step-father, Reitman, permits his wife to provide liberally, even extravagantly, from his income for her *Page 31 
maintenance. In 1948, while she was 16 years old, her clothing cost $1,025, pocket money $260, miscellaneous $495. These sums do not include tuition, board or lodging. He regards the girl as a member of his family, is willing to continue supporting her and did not want his wife to bring this proceeding. But she disregarded his wishes. The girl's father, Cohen, has paid to Mrs. Reitman $5 a week, pursuant to the order of the court made in 1941. Also, he has been in the habit of giving his daughter, every other week when she was with him, $5 or $10. He has given her substantial presents, such as a bicycle, cameras and a typewriter; he opened a savings bank account for her and gave her $65 to deposit; he bought savings bonds for her; paid some medical expenses; sent her to camp in summer, and paid her hotel bill at the shore. His total outlay for her in 1948 was around $750. From the girl's standpoint the situation seems to have been very satisfactory before Mrs. Reitman began her proceeding.
The learned Advisory Master ordered that Cohen pay for maintenance $17.50 a week, and made the order retroactive to December 3, 1948. We accept this determination as correct, although we will modify the manner in which it will operate. If Cohen pays $910 a year to Mrs. Reitman for the support of their child, we fear that he will be unable to continue to make the gifts and other provisions for her that he has freely made in the past. While love and respect cannot be bought, the daughter's affection for her father might diminish if she no longer receives directly from him those tokens of his love to which she has become accustomed. The court should do what it can toward insuring that both Cohen and Mrs. Reitman retain their child's love. Bierck v. Bierck, 123 A. 537 (N.J. Ch.) (Leaming,V.C., 1923); Turney v. Nooney, 5 N.J. Super. 392 (App.Div. 1949). Instead of paying the mother $17.50, Cohen will be ordered to continue to pay her $5 weekly as heretofore, and to make up an additional $325 in each six-months' period by gifts to the girl or payments on her account of the general character above mentioned. We caution, however, against too much spending *Page 32 
money and the like; more money might be put into savings bonds. For moneys Cohen has laid out for his daughter since December 3, 1948, he should be given credit.
Appellant objects to the allowance of a counsel fee and costs. The circumstance that Mrs. Reitman was once his wife is not sufficient of itself to justify the allowance, for she has been another's wife the past eight years. Each party succeeds in part, appellant more, perhaps, than respondent. In this situation, we think neither party should be allowed costs or counsel fee as against the other in the Chancery Division or on the appeal.Moore v. Splitdorf Electrical Co., 114 N.J. Eq. 358 (E. A. 1933).
The order will be modified in the respects above indicated.