MILDRED GOLDMAN, Appellant, *v.* ROBERT J. GOLDMAN, Respondent.

Argued January 11, 1940; decided March 5, 1940.

*Robert Szold* and *Jess G. Schiffmann* for appellant. The separation agreement, unimpeached, is conclusive and

binding upon the parties. (*Pettit* v. *Pettit*, 107 N. Y. 677; *Galusha* v. *Galusha*, 116 N. Y. 635; 138 N. Y. 272; *Winter* v. *Winter*, 191 N. Y. 462; *Garlock* v. *Garlock*, 279 N. Y. 337; *Carpenter* v. *Osborn*, 102 N. Y. 552; *Clark* v. *Fosdick*, 118 N. Y. 7; *Chamberlain* v. *Cuming*, 99 App. Div. 561; *Butler* v. *Marcus*, 264 N. Y. 519; *Lawrence* v. *Lawrence*, 32 Misc. Rep. 503; *Karlin* v. *Karlin*, 280 N. Y. 32; *Helvering* v. *Leonard*, 105 Fed. Rep. [2d] 900; *Grissler* v. *Grissler*, 209 App. Div. 480; *Rosenblatt* v. *Rosenblatt*, 209 App. Div. 373; *Kramrath* v. *Kramrath*, 231 App. Div. 533; *Matter of Bloomingdale*, 278 N. Y. 435.)

*Horace S. Manges, Frank L. Weil* and *Gabriel Kaslow* for respondent. The support provisions of a separation agreement having been inserted as alimony directions in a divorce judgment, plaintiff thereby obtained additional remedies of enforcement which would not have been available to her under the agreement. The power of the court to modify provisions for support and maintenance in a divorce judgment exists none the less where such provisions have been incorporated therein from a separation agreement. (*Fox* v. *Fox*, 263 N. Y. 68; *Schnitzer* v. *Buerger*, 237 App. Div. 622; *Staehr* v. *Staehr*, 237 App. Div. 843; *Kunker* v. *Kunker*, 230 App. Div. 641; *Holahan* v. *Holahan*, 234 App. Div. 572; *Severance* v. *Severance*, 260 N. Y. 432.) Even if the court's power under sections 1155 and 1170 of the Civil Practice Act to modify the alimony directions should be deemed limited by the language of the judgment, the Special Term acted within such limit. Its order was a proper exercise of discretion. (*Kennedy* v. *Kennedy*, 73 N. Y. 369.)

LEHMAN, Ch. J. The plaintiff and the defendant were married on May 2, 1917, and have two children. On December 15, 1928, while living apart, they entered into a separation agreement, defining the provision which the defendant should make for the support of the plaintiff and the children. A few weeks thereafter the plaintiff obtained a divorce from the defendant and the judgment entered in

the divorce action on January 24, 1929, incorporates the stipulations of the separation agreement, fixing the manner in which the defendant should carry out his marital obligations. That was done in accordance with an express term of the separation agreement. Both the separation agreement and the judgment required that the defendant should pay to the plaintiff the sum of $21,000 per annum and, in addition, stipulated amounts to meet special expenses or charges. By order of the court made in October, 1938, the provisions contained in the final judgment, which required the defendant to pay the amounts fixed by the parties in the separation agreement, have been modified. Under the judgment as modified, the defendant is directed to pay for the support of his wife and children $14,000 per annum instead of $21,000. The plaintiff, leaning heavily upon the decisions of the court in *Galusha* v. *Galusha* (116 N. Y. 635; 138 N. Y. 272, 274), urges that the provisions for the support of wife and children incorporated in a decree of divorce pursuant to a valid agreement of the parties, may not be changed or modified without the consent of both parties.

The problem presented concerns solely the *power* of the court, not the wisdom of its exercise. The evidence establishes that the defendant's income was much greater in 1928 than it is now; and in 1928 anticipation of future income was based on foundations apparently secure. Certainly, it cannot be said that there is no evidence which justifies the invocation of the power of the court, if such power exists, to change the amount which the husband is directed to pay for the support of his wife and children as the husband's ability to pay changes.

Though the marriage relation is created by agreement or contract of the parties, the State, and not the parties, determines the scope of the obligations arising from the marriage relation. The obligation of the husband to support his wife and to provide suitably for the maintenance and education of his children arises from the marriage relation and the wife may not release the husband from the obligation nor diminish it; but husband and wife may agree upon the scale on which

the home will be maintained, or if they live apart, they may agree on a reasonable amount which the husband should pay for the support of his wife and children. As part of the separation agreement, or of other agreement sanctioned by law, they may stipulate that either party shall assume obligations *supplementing* the obligations arising from the marital relation. Such agreements, lawful when made, will be enforced like other agreements unless impeached or challenged for some cause recognized by law. It is not in the power of either party acting alone and against the will of the other to destroy or change the agreement. In such case this court has said: " The law looks favorably upon and encourages settlements made outside of courts between parties to a controversy. If, as in this case, the parties have legal capacity to contract, the subject of settlement is lawful and the contract without fraud or duress is properly and voluntarily executed, the court will not interfere." (*Galusha* v. *Galusha*, 116 N. Y. 635, 646.) In that case the court held that in an action brought by the wife for divorce on the ground of adultery, the court has no power to set aside such a contract without the consent of both parties and no power to make an additional allowance for the support of the wife beyond the amount agreed upon by the parties — at least where the amount agreed upon is not insufficient for the support of the wife. In subsequent litigation between the same parties, instituted by the plaintiff for the purpose of rescinding or canceling the separation agreement, this court said that its decision in the divorce action was conclusive authority for the proposition that so long as the separation agreement " remains unimpeached, it must be the measure of the allowance for the support of the plaintiff, which the defendant shall pay. It plainly suggests the necessity for a resort to the remedy which this action contemplates, if the plaintiff deems the enforcement of the agreement inequitable because of the manner in which its execution was obtained." (*Galusha* v. *Galusha*, 138 N. Y. 272, 283.)

Nothing said or decided by this court in any subsequent cases has weakened the authority of the two *Galusha* decisions. We apply, in this case, the rules formulated by the court in those cases but these rules do not solve the problem here presented. The Civil Practice Act, sections 1155 and 1170, confers upon the court the power in an action for divorce brought by a wife, to fix the amount which the husband shall pay for the support of his wife and children and to require the husband to pay the amount so fixed. In article 70 of the Civil Practice Act (§§ 1171, 1171-a, 1171-b and 1172) the Legislature has made provisions of drastic nature for the enforcement by the courts of an order or judgment of the court directing the husband to pay the amount fixed by the court. Husband and wife may by contract agree upon the amount which the husband shall pay in satisfaction of his marital obligation for support of his wife and children, and the court will not " interfere " with such a contract. It may be enforced like other contracts and, so long as the contract remains unimpeached, the court will not compel the husband to pay to the wife for her support a sum greater than the wife agreed to accept, at least where such sum is not plainly insufficient. So the court decided in the *Galusha* cases. The court did not, however, decide there, or in any other case, that the parties by voluntary contract could not only fix the amount which the husband shall pay but could also constrain the court to incorporate the terms of the voluntary agreement in a final judgment of divorce and thus make available for the enforcement of a contractual obligation voluntarily assumed the drastic remedies provided by law for the enforcement of a marital obligation created by law. That is the question that the court must now answer.

" The court, in the final judgment dissolving the marriage in an action for divorce brought by the wife, may require the defendant to provide suitably for the education and maintenance of the children of the marriage, and for the support of plaintiff, as justice requires, having regard to the circumstances of the respective parties; and, by order, upon

the application of either party to the action, and after due notice to the other, to be given in such manner as the court shall prescribe, at any time after final judgment whether heretofore or hereafter rendered, may annul, vary or modify such a direction." (Civ. Prac. Act, § 1155. Cf. also § 1170.) The State does not permit the husband to purchase exemption from the marital obligation to provide "suitably" for the wife and children, for that is an obligation which concerns the State as well as the parties to the marriage. The powers conferred by statute upon the court to require the husband in the action for divorce to make suitable provisions and the drastic remedies provided for the enforcement of such agreement or direction are justified by the public concern that wife and children shall not be left without suitable provision for support and for education. Drastic statutory provisions for the enforcement of a direction to the husband to pay an amount fixed " as justice requires, having regard to the circumstances of the respective parties," may be fair and reasonable when the court has the power also to " annul, vary or modify such a direction " as " justice requires " if such circumstances change, yet would be unreasonable and inappropriate if they could be invoked to enforce an obligation by the husband to pay an amount fixed by the parties and placed by the parties beyond the power of the court to change, even where the amount so fixed would provide the wife with a measure of support which, under changing circumstances, might be far beyond what justice requires.

The statute conferring upon the court power to direct the defendant to make suitable provisions " as justice requires " for the plaintiff's support may not be read as a mandate or even as a grant of power to the court to insert in the judgment in an action for divorce a direction to the husband to pay the amount fixed by the parties unless that amount does constitute such suitable provision for wife and children " as justice requires." True, no public policy of the State prevents the parties from foreclosing by agreement a controversy between themselves as to what constitutes the amount which the husband should pay and the court

will ordinarily direct the husband to pay the amount which the parties agree constitutes suitable provision for the support of the wife; but a direction so made is no more inviolate from future change by the court than a direction made by the court after a controversy between the parties as to the amount which the wife should receive has been determined by the court. The plaintiff might, if she chose, rely for her support upon the fixed contractual obligation which the defendant voluntarily assumed as part of the separation agreement and, as we have said, that contractual obligation will be given the same effect and may be enforced in the same manner as other contractual obligations. That fixed obligation required the defendant to pay the plaintiff for her support an amount which might be greater or might be less than the amount which the court would require or direct the defendant to pay if the court, pursuant to the provisions of section 1155 or section 1170 of the Civil Practice Act, determined independently the amount which would constitute suitable provision for the plaintiff's support. So long as the contract remains in force — not impeached or canceled in manner permitted by law — the court could not, as the court decided in the *Galusha* case, direct the defendant to pay more or the plaintiff to accept less than the parties had agreed should be paid by the defendant for the support of the plaintiff. The court has not done so here. It has not directed the defendant to pay more than the amount agreed upon; nor has it deprived the plaintiff against her will of any benefit to which she was entitled under the contract. The plaintiff here was not content to rely solely upon the contractual obligation of the defendant. She invoked the power of the court to direct the defendant to pay her, for her support and for the maintenance of her children, a suitable sum as justice requires. The court, in the exercise of its powers conferred by statute, directed the defendant to pay the sum which both parties, at that time, agreed would be a suitable provision for his wife and children. That direction might be enforced in manner provided by the statute, though the contractual obligation could not be so

enforced; and might be modified thereafter by the court, though the contractual obligation could not be so modified without the consent of both parties. The plaintiff, having invoked the power conferred upon the court by statute, to direct the defendant to make suitable provision for her support, the defendant may invoke the power of the court, conferred by that same statute, to modify its directions for " the effect of the statute is to write a reservation into every final judgment of divorce." (*Fox* v. *Fox*, 263 N. Y. 68, 70.) The direction contained in the judgment entered upon the plaintiff's motion must be read as if it included an express reservation that it might thereafter be annulled, varied or modified pursuant to statute. Words in the judgment which might be inconsistent with such a reservation are of no effect for the court has no power to give a direction which the court has no power to change. (Cf. *Severance* v. *Severance*, 260 N. Y. 432; *Karlin* v. *Karlin*, 280 N. Y. 32; *Schnitzer* v. *Buerger*, 237 App. Div. 622; *Staehr* v. *Staehr*, 237 App. Div. 843; *Kunker* v. *Kunker*, 230 App. Div. 641; *Holahan* v. *Holahan*, 234 App. Div. 572.)

In this case the separation agreement contained a clause that " In the event that either the husband or the wife shall at any time bring an action for divorce in this or any State of the United States, or in any foreign country, it is mutually stipulated, covenanted, and agreed by and between the husband and the wife that any decree or judgment made therein shall contain adequate provisions to carry out the purpose and intent of this agreement according to its purport and meaning. The court, however, upon the application of the husband shall have jurisdiction, power, and authority to modify the payments hereinbefore in paragraphs 3 and 4 provided to be made by this agreement by the husband only upon a showing or proof to the satisfaction of the court by the husband that he is financially unable to comply with the same, and only for the period said financial disability continues."

The parties might agree that the plaintiff should not lose the benefit of the defendant's contractual obligation by

invocation of the power of the court to direct the defendant to pay the amount which he had voluntarily agreed to pay; but the parties could not confer upon the court jurisdiction or power which the court did not possess; nor could the parties by agreement limit the power conferred by statute. Upon this appeal we decide only that the power of the court to direct a husband to make suitable provision for the support of his wife is complemented by the power to annul, modify or vary the direction thereafter and that a party invoking the power of the court to give such direction cannot be heard to say that the direction so given is not subject to modification thereafter. We pass upon the effect of the separation agreement only so far as is necessary to support the conclusion that the agreement cannot and does not limit the power of the court conferred by statute. We point out here that the direction of the court that the defendant shall pay to the plaintiff a sum less than he agreed to pay does not relieve the defendant of any contractual obligation. The direction of the court may be enforced in manner provided by statute and the plaintiff may still resort to the usual remedies for breach of a contractual obligation if there has been such breach, but we do not now decide whether the parties intended that the contractual obligation of the defendant should survive where the court has modified a direction to the defendant to pay the sum fixed by contract.

The order should be affirmed, without costs.

LOUGHRAN, FINCH, RIPPEY, SEARS, LEWIS and CONWAY, JJ., concur.

Order affirmed.