EMMA A. BRAUNWORTH, Appellant, Respondent, *v.* CHARLES A. BRAUNWORTH, Respondent, Appellant.

First Department, June 28, 1940.

*Abram M. Frumberg* of counsel [*Jacob Freed Adelman* with him on the brief; *Abram M. Frumberg*, attorney], for the appellant, respondent.

*Sidney J. Loeb* of counsel [*Charles H. Lane*, attorney], for the respondent, appellant.

CALLAHAN, J. It would seem clear that under the present circumstances and until the agreement for support is set aside for adequate reasons, its validity cannot be questioned, and the court would have no power to fix, by way of temporary alimony, a larger sum than that fixed in the agreement. *Goldman* v. *Goldman* (282 N. Y. 296) does not hold to the contrary, but, instead, reaffirms the rule of law established in the prior cases which are cited in the *Goldman* decision, to the effect that until the contract is impeached, the court will not compel the husband to pay a larger sum than the wife agreed to accept. In the *Goldman* case (*supra*), pursuant to a provision in a separation agreement, the provisions for support contained therein were incorporated in a final judgment of divorce obtained by the wife. The decision of the Court of Appeals was

that the Supreme Court had the power, under sections 1155 and 1170 of the Civil Practice Act, to alter its judgment, so as to reduce the amount which the judgment fixed. It did so without affecting the rights of the parties under the contract, if any such rights existed.

In the present case there has been no judgment of divorce, nor does the separation agreement provide for the incorporation of its provisions in any judgment or order of the court. The agreement may not be altered by the court, nor may it be disregarded on a motion such as is involved in this appeal.

The narrow question remaining is whether the court may enter an order, pursuant to the provisions of section 1170 of the Civil Practice Act, requiring payment of the identical amount fixed by and being paid under the agreement. Even if the power to make it exists, we see no necessity for such an order, for the wife is receiving support which must be deemed adequate so long as the agreement remains a binding contract. Aside from the question of necessity, the right to make such provision would not seem to exist when the agreement is being performed according to its tenor.

The order so far as appealed from should be reversed, without costs, and the motion for temporary alimony denied.

TOWNLEY and COHN, JJ., concur; MARTIN, P. J., and O'MALLEY, J., dissent and vote to affirm.

O'MALLEY, J. (dissenting). The court having jurisdiction of the action for divorce properly granted the plaintiff temporary relief by awarding counsel fee of $1,000 and $20 per week temporary alimony. The order in so far as it granted counsel fee is not appealed from. The court had power to grant temporary alimony up to the sum fixed in the separation agreement at least. (*Goldman* v. *Goldman*, 282 N. Y. 296.) No adequate reason is shown why the court did not properly grant plaintiff a full measure of relief. She will have a more adequate remedy for the collection of the temporary alimony under the order appealed from than she would have in an action at law under the separation agreement. In the circumstances, she should not be compelled to await a breach of the separation agreement.

I, therefore, dissent and vote for affirmance of the order as appealed from.

MARTIN, P. J., concurs.

Order, so far as appealed from, reversed, without costs, and motion for temporary alimony denied.