FRANCES KYFF, Respondent, *v.* HERMAN KYFF, Appellant.

First Department, November 1, 1940.

*Albert A. Verrilli*, for the appellant.

*Roger F. Criado* of counsel [*Victoria Brown* with him on the brief; *Louis Fabricant*, attorney], for the respondent.

TOWNLEY, J. Plaintiff and defendant entered into a separation agreement on April 12, 1930. The agreement provided for the custody of the children and also provided that the husband should pay to the wife $3,000 in cash on the execution of the agreement. Paragraph eighth of the agreement provides that the "wife agrees to accept said payment hereinbefore provided, in full satisfaction for all claim for support and maintenance of every kind." There-

after a pending separation action was discontinued and the agreement was carried out.

On September 29, 1939, plaintiff wife brought an action for absolute divorce. The action was not contested on the merits but there was a denial of any right to support or to the custody of the children. No motion was made for temporary alimony or counsel fees. It appears that the wife earns ten dollars a week wages and has earned it for some ten years. After trial, an interlocutory judgment for the plaintiff was granted. The judgment contained the provision that the " defendant shall pay to the plaintiff the sum of $7.00 per week as and for her support." This part of the judgment is appealed from.

In *Galusha* v. *Galusha* (116 N. Y. 635) the Court of Appeals held that in an action brought by the wife for divorce on the ground of adultery, the court has no power to set aside a contract between the parties without the consent of both parties and no power to make an additional allowance for the support of the wife beyond the amount agreed upon by the parties where the amount agreed upon is not insufficient for the support of the wife. In later litigation between the parties, *Galusha* v. *Galusha* (138 N. Y. 272), the Court of Appeals said that its decision in the divorce action was conclusive authority for the proposition that so long as the separation agreement remains unimpeached, it must be the measure of the allowance for the support of the plaintiff which the defendant shall pay. In *Goldman* v. *Goldman* (282 N. Y. 296, 301) the court restated its position, saying: " Nothing said or decided by this court in any subsequent cases has weakened the authority of the two *Galusha* decisions. * * * The Civil Practice Act, sections 1155 and 1170, confers upon the court the power in an action for divorce brought by a wife, to fix the amount which the husband shall pay for the support of his wife and children and to require the husband to pay the amount so fixed. In article 70 of the Civil Practice Act (§§ 1171, 1171-a, 1171-b and 1172) the Legislature has made provisions of drastic nature for the enforcement by the courts of an order or judgment of the court directing the husband to pay the amount fixed by the court. Husband and wife may by contract agree upon the amount which the husband shall pay in satisfaction of his marital obligation for support of his wife and children, and the court will not ' interfere ' with such a contract. It may be enforced like other contracts and, so long as the contract remains unimpeached, the court will not compel the husband to pay to the wife for her support a sum greater than the wife agreed to accept, at least where such sum is not plainly insufficient. So the court decided in the *Galusha* cases."

In the case at bar there is nothing to show that the original $3,000 paid by the defendant husband was not a generous settlement and one which fully compensated the plaintiff. That being so, there is no justification shown for the provision in the interlocutory judgment appealed from. The court may, as it did in *Goldman* v. *Goldman* (*supra*), limit the extent to which it will grant enforcement of a separation agreement by incorporating its provisions in the decree in a matrimonial action. It will not, however, in the absence of fraud compel defendant to pay more than plaintiff has agreed to accept.

The judgment should be modified by eliminating therefrom the provision with respect to payments for support of the plaintiff, and as modified, affirmed, without costs.

MARTIN, P. J., O'MALLEY and GLENNON, JJ., concur; UNTERMYER, J., dissents.

UNTERMYER, J. (dissenting). I do not concur in the view that the defendant, for the sum of $3,000, nor for any other sum, could purchase perpetual immunity from the duty to support his wife when changed conditions intervened. No doubt husband and wife, " *supplementing* the obligations arising from the marital relation " (*Goldman* v. *Goldman*, 282 N. Y. 296), could agree, within reasonable limitations, on the proper sum to be paid for the support of the wife. No doubt the court, in the absence of a substantial change in circumstances, would give effect to such an agreement in its judgment of divorce or separation. (*Galusha* v. *Galusha*, 138 N. Y. 272.) " No public policy of the State prevents the parties from foreclosing by agreement a controversy between themselves as to what constitutes the amount which the husband should pay, and the court will ordinarily direct the husband to pay the amount which the parties agree constitutes suitable provision for the support of the wife." (*Goldman* v. *Goldman*, *supra*.) But I find no decision that for the payment of a lump sum, though made without fraud and reasonable in amount when made, the husband may forever divest himself of an obligation which, in the interests of society, the law imposes upon him and with respect to which the statute (Dom. Rel. Law, § 51) declares that " husband and wife can not contract * * * to relieve the husband from his liability to support his wife." These provisions of the Domestic Relations Law are strengthened by section 1155 of the Civil Practice Act to the effect that " The Court * * * dissolving the marriage * * * may require the defendant to provide suitably * * * for the support of plaintiff, as justice requires, having regard to the circumstances of the respective

parties." The statement of the court in *Goldman* v. *Goldman* (*supra*), that " The State does not permit the husband to purchase exemption from the marital obligation to provide ' suitably ' for the wife and children, for that is an obligation which concerns the State as well as the parties to the marriage," is an expression of these principles.

The decision now that the court is without power to require the husband suitably to support his wife, no matter what change in circumstances may have occurred between the date of their contract and the date of the decree, will in many cases have serious results. If during this intervening period — ten years in the present case — the sum paid shall have been lost without fault on the part of the wife, or if inflation should render inadequate a sum which was adequate before, the court will be helpless to afford relief. It is conceded that if conditions had changed to the disadvantage of the husband the court would not be compelled by the agreement of the parties to make a decree requiring him to pay more than his circumstances justify but would relegate the wife to an action on the contract. Yet it is to be decided that no matter how destitute may be the wife nor how prosperous the husband, the court is constrained in its decree to enforce their private bargain even though it violates the mandate of these statutes (Dom. Rel. Law, § 51, and Civ. Prac. Act, § 1155) and the enlightened public policy from which they derive.

To the extent, therefore, that it is held that the Special Term was without power to award alimony on account of the payment to the wife ten years previously of the sum of $3,000 which has now been lost, I dissent from the opinion of the court.

Judgment modified by eliminating therefrom the provision with respect to payments for support of the plaintiff, and as so modified, affirmed, without costs. Settle order on notice.