JOSEPHINE PARKAS, Appellant, *v.* PETER PARKAS, Respondent.

Argued January 9, 1941; decided March 6, 1941.

*Frederick E. Klein* for appellant.

*Paul P. Rao* and *Sybil Phillips* for respondent.

LEHMAN, Ch. J.   The plaintiff has lived separate from the defendant, her husband, since about January 1, 1934. By written contract dated January 15, 1934, the defendant agreed to pay to the plaintiff $8,680 " payable in the manner and in the amounts hereinafter stated, to wit: (a) The sum of $4,000 in cash, receipt whereof is hereby specifically acknowledged.   (b) The balance of $4,680 in three hundred

and twelve equal weekly installments of $15.00." On her part, the plaintiff agreed that " she will accept and does hereby accept the said gross sum of $8,680 payable in the manner hereinbefore provided, in full and final settlement of any and all claims she now has, or at any time in the future may have, for her support and maintenance and allowance to her by way of alimony, counsel fees, or any other allowance for her support and maintenance." There is dispute as to whether the defendant did in fact pay the sum of $4,000, receipt whereof was " specifically acknowledged " in the contract, but concededly he paid the sum of $15. per week for six years or 312 weeks after January 15, 1934.

In February, 1940, the plaintiff began an action for divorce against her husband and in the complaint asked that the agreement of January 15, 1934, be annulled, canceled, set aside and declared void on the ground that it is against public policy. Then she moved for temporary alimony and counsel fee. The court granted the motion and directed the defendant to pay to the plaintiff the sum of $50 per week for her support during the pendency of the action and a sum fixed by the order as a counsel fee. The defendant appealed from that order to the Appellate Division and upon that appeal the order was modified by striking out the provision for temporary alimony and as so modified affirmed, without costs. The provision for counsel fees was not disturbed.

The plaintiff appeals from the order of modification by permission of the Appellate Division which has certified the following questions:

" (1) Did Special Term have power to fix plaintiff's temporary alimony on June 24, 1940, as provided for in said order?

" (2) Can defendant review the order of April 18, 1940, granting plaintiff temporary alimony, on his present appeal from the order of June 24, 1940, fixing the amount of temporary alimony, defendant having failed to appeal from the order of April 18, 1940?

" (3) On all the facts presented was plaintiff entitled to temporary alimony? "

The Appellate Division wrote no opinion, other than " See *Braunworth* v. *Braunworth* (260 App. Div. 113)," from which this court could determine whether the modification was made in the exercise of discretion or as matter of law on the ground that the court was without power to grant alimony where a wife had agreed to release her husband from the obligation of support upon payment of a stipulated sum.

The question of law presented in the courts below in this case is different from the question presented in *Braunworth* v. *Braunworth* (*supra*), or in *Goldman* v. *Goldman* (282 N. Y. 296). There, at the time the wife asked the court to direct her husband to furnish support she was actually receiving from him at stipulated times the sums which they had agreed were reasonably sufficient for that purpose. Here, when the plaintiff asked for alimony, the stipulated weekly payments were completed, which the defendant had agreed to make and which the plaintiff had agreed to accept in " full and final settlement " of any claims for support and maintenance which she might have. At that time this plaintiff, according to her affidavits, was receiving no support from her husband and had no moneys which she could use for that purpose. Upon that motion, husband and wife made unsavory charges and counter charges against each other concerning " mink coats " supplied to " blonde ladies, "concerning a " Mexican divorce " obtained by mail, concerning the relations of both parties to their alleged paramours. Though the court could not upon that motion determine questions of fact which affect the validity of the separation agreement, and though we assume that upon that motion the separation agreement stands unimpeached, the court was called upon to determine whether it had *power* to compel the defendant to support his wife upon proof that she is presently without means of support; and if the court had such power the court would still be called upon to decide whether, upon the facts in this case, the wife had shown that she should receive support pending trial of the

action against her husband. The first question is one of law; the second question is one of fact and involves the exercise of the discretion of the court.

The court at Special Term could not have made its order granting alimony unless it had decided both that the court had such power and that in the exercise of its discretion it should grant the motion. The modification of the order by the Appellate Division and its denial of alimony might be based on a conclusion of the court that, as matter of law, power was lacking or on its conclusion that in the exercise of discretion the motion should be denied. It has certified to us both questions and though the question of law presented is different from the question of law presented in *Braunworth* v. *Braunworth* (*supra*), the same reasons which constrain the court to dismiss the appeal in that case (decided herewith, 285 N. Y. 151) constrain us to dismiss this appeal.

The appeal should be dismissed, without costs. (See 285 N. Y. 743.)

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Appeal dismissed.