EMMA A. BRAUNWORTH, Appellant, *v.* CHARLES A. BRAUN-WORTH, Respondent.

Submitted January 10, 1941; decided March 6, 1941.

*Abram M. Frumberg* and *Jacob Freed Adelman* for appellant.

*Charles H. Lane* and *Sidney J. Loeb* for respondent.

LEHMAN, Ch. J. In an action for divorce, the plaintiff made a motion for temporary alimony and counsel fee. The parties, in 1913, entered into a separation agreement whereby the defendant agreed to pay to the plaintiff the sum of twenty dollars per week for her support and the support of the children of the parties. The defendant has paid that sum regularly and does not dispute his obligation under that agreement. The plaintiff, upon the motion for temporary alimony, urged that consent to accept the amount fixed by the separation agreement had been extorted from her and that the defendant is abundantly able and should be compelled to pay a much larger sum for her support, though now the children are married.

The court at Special Term granted to the plaintiff as alimony the amount which the parties had by their agreement fixed. Both parties appealed to the Appellate Division and upon the cross-appeals the order was reversed, two of the justices dissenting, and the motion for temporary alimony was denied. Leave to appeal was granted to the plaintiff by the Appellate Division and the following questions certified:

" 1. In an action for divorce brought by a wife against a husband, may the Supreme Court order the payment of temporary alimony where there is a valid and subsisting separation agreement between the parties providing for a stipulated sum, to be paid weekly for the wife's support,

which agreement is being performed by the husband according to its tenor?

" 2. On the record in this case should the court, at Special Term, have granted plaintiff's motion for alimony *pendente lite?* "

We have said in *Goldman* v. *Goldman* (282 N. Y. 296, 301) that so long as a contract fixing the amount which a husband should pay in satisfaction for his marital obligations " remains unimpeached, the court will not compel the husband to pay to the wife for her support a sum greater than the wife agreed to accept, at least where such sum is not plainly insufficient." The Appellate Division held that under the rule there stated the court could not make an order directing the defendant to pay to his wife more than the amount fixed by the agreement. The difference of opinion in that court related only to the question of whether the plaintiff was entitled to an order directing the defendant to pay as alimony the amount which he had agreed to pay and which he was paying to the plaintiff for her support. A majority of the court held that " even if the power to make it exists, we see no necessity for such an order, for the wife is receiving support which must be deemed adequate so long as the agreement remains a binding contract. Aside from the question of necessity, the right to make such provision would not seem to exist when the agreement is being performed according to its tenor." (260 App. Div. 113, 114.)

Whether temporary alimony should be granted in a divorce action and the amount of alimony, if granted, rests ordinarily in the discretion of the court. Upon an appeal from an interlocutory order this court may not review the court's exercise of discretion even where the Appellate Division has reversed a finding in that regard of the court below. (Cf. Civ. Prac. Act, § 589.) Only if it appears that the temporary alimony was denied solely on the ground that the court was without power to grant it would a question of law be presented which we could review.

The order of reversal by the Appellate Division does not indicate that the modification was not upon a question of fact and we do not apply to interlocutory orders the same presumption as to the grounds of reversal which we are expressly commanded to apply when there has been a reversal of a judgment (Civ. Prac. Act, § 602) or which, without express command, we apply to final orders which are not discretionary. (*Gang* v. *Gang*, 253 N. Y. 356.) The first question which has been certified relates to the power of the court and is a question of law. We may answer that question of law only if it determines " as a matter of law whether the order should have been granted or denied." Otherwise the appeal must be dismissed. (*Smith* v. *Brown Brothers Co.*, 196 N. Y. 529.) By necessary implication this court, in proper case, has found in the certification by the Appellate Division of a question an indication that denial of relief was based solely on the question of law and was not the result of the exercise of discretion. (Cf. *Drake* v. *Herrman*, 261 N. Y. 414; Cohen on The Powers of the New York Court of Appeals, § 83.) That is possible, however, only where the opinion or the certification of a question of fact, in addition to the question of law, does not show that the determination was not based solely on the question of law. (Cf. *Finnegan* v. *Buck*, 230 N. Y. 512.) In this case the opinion states unequivocally that even if the court had power to grant temporary alimony it should refuse to do so in the exercise of its discretion and, in the light of the opinion of the court and the certification of the first question, we cannot construe the second certified question as a question of law.

It follows that the appeal should be dismissed, without costs.

LOUGHRAN, FINCH, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Appeal dismissed.