ELSIE B. WIMPFHEIMER, Appellant, v. CLARENCE A. WIMPFHEIMER, Respondent.

First Department, June 18, 1941.

*Sol M. Stroock* of counsel [*Morton L. Deitch* and *Bernard E. Brandes* with him on the brief; *Stroock & Stroock*, attorneys], for the appellant.

*Alfred Appel* of counsel [*Alfred L. Rose* with him on the brief; *Proskauer, Rose & Paskus*, attorneys], for the respondent.

CALLAHAN, J. Prior to the commencement of the present action for divorce, the parties hereto had entered into a separation agreement which, among other things, provided that the husband would pay the wife $666.67 a month for her support and maintenance. The agreement also contained a scheme for the adjustment of the sums to be paid thereunder in the event of change in the net income of the husband. It contained a clause which provided:

" *Sixth.* The parties hereto covenant and agree that if hereafter an interlocutory or final judgment or decree shall be entered in any action or proceeding for a divorce or separation of the parties hereto, this agreement shall nevertheless continue in full force and effect and shall not be merged in any such interlocutory or final judgment but shall survive the same."

Defendant husband, although he appeared in this action, did not answer.

The complaint, in addition to the usual allegations found in an action for divorce, set forth the existence of the separation agreement above referred to and prayed that the agreement be incorporated in the decree. Upon defendant's default the customary hearing was had before an official referee, and at that hearing plaintiff requested that the provisions of the agreement for payment of $666.67 be included in the decree. The official referee in his report to Special Term, while he found as a fact that the agreement had been executed, refused to recommend that the decree require payment of $666.67 for the wife's maintenance. Special Term confirmed the report and entered a decree without any provision for the support of the plaintiff, citing as authority *Braunworth* v. *Braunworth* (260 App. Div. 113), and stating that the provision in the sixth clause of the agreement above set forth deprived plaintiff of the right to any such relief.

We deem that this refusal was error. Section 1170 of the Civil Practice Act provides that in an action for divorce or separation, the court must give such direction as justice requires, including one for the support of the wife when she is the plaintiff. The agreement between the present litigants contained nothing which amounted to a waiver by the wife of any of the rights afforded her by this statute. The sixth clause of the agreement merely provided that the rights conferred thereunder were to survive any judgment for divorce, and were not to be deemed merged therein. This did not deprive the court of the power to give the wife the additional rights and remedies that a decree might afford her. (See *Kyff* v. *Kyff*, 286 N. Y. 71.)

The right to resort to a court of law to enforce a separation agreement, and the remedies to enforce alimony in a matrimonial action may at times be concurrent. (*Rennie* v. *Rennie*, 261 App. Div. 587.) The only limitation contained in section 1170 is that any provision for support in a decree must be one which the court finds just and equitable. While the courts have disapproved the practice of incorporating all of the provisions of a separation agreement in a decree (*Kunker* v. *Kunker*, 230 App. Div. 641; *Schnitzer* v. *Buerger*, 237 id. 622), no such request was made here. Plaintiff merely asked that the provision as to maintenance be so incorporated.

There was no claim that the amount fixed by agreement of the parties was unjust. Under such circumstances a court, by its decree, will ordinarily direct the husband to pay the amount which the parties have agreed will constitute suitable provision for maintenance of the wife. (*Goldman* v. *Goldman*, 282 N. Y. 296.)

Where the Supreme Court enters a decree fixing the amount to be paid for the wife's maintenance, it has the power to modify its decree. (*Goldman* v. *Goldman, supra.*) The right of a court to alter the contract of the parties as such would not exist, even though the parties had stipulated that disputes concerning change of condition of the parties be referred to the Supreme Court. (*Stoddard* v. *Stoddard*, 227 N. Y. 13.)

Our decision in *Braunworth* v. *Braunworth* (*supra*) was not authority for the action taken by Special Term herein. That case dealt with a motion for temporary alimony. Whether temporary alimony should be granted in actions for divorce or separation, and the amount of such alimony, ordinarily rests in the discretion of the Supreme Court. (*Braunworth* v. *Braunworth*, 285 N. Y. 151.) We held in the *Braunworth* case that until the issues were tried, there was no necessity for making an order for temporary alimony in the same amount as that provided in a separation agreement where the agreement was being performed according to its tenor. In considering the right of Special Term to make an order granting temporary alimony, we took into consideration the propriety of the exercise of the court's discretion as well as the question of power.

The present appeal presents no issue of discretion. When the issues in an action for divorce or separation are decided in favor of plaintiff wife, she is entitled to just provision for her support, unless she waives same. Here there was no dispute that the amount fixed was consonant with the requirements of justice. The agreement which the wife had made did not foreclose her from claiming such additional concurrent remedies as she might be afforded by having a provision for her maintenance in the judgment. Under the circumstances we find that the court erred in holding that it did not have the power to incorporate the agreed amount of $666.67 in the decree.

The order and interlocutory judgment, so far as appealed from, should be reversed, with costs, and the motion to amend the decree granted.

MARTIN, P. J., TOWNLEY, DORE and COHN, JJ., concur.

Order and interlocutory judgment, so far as appealed from, unanimously reversed, with costs to the appellant, and the motion to amend the decree granted. Settle order on notice.