IRENE McCANLISS, Appellant-Respondent, *v.* LEE McCANLISS, Respondent-Appellant.

Second Department, July 3, 1944.

*Frederick C. McLaughlin* for plaintiff.

*John E. Mack* for defendant.

JOHNSTON, J. In a separation action, a decree was entered on December 9, 1931, directing the husband to pay $12,000 annually in equal monthly installments as alimony for the support of his wife and son. For a period of fifteen months (from May, 1942, to July, 1943, inclusive), the husband failed to make the alimony payments as directed by the decree.

Prior to the entry of the decree the parties had entered into a stipulation of settlement providing for a release by each of all rights in the property or estate of the other and for the amount of the alimony to be set forth in the decree. The stipulation further provides that to secure the performance of such alimony payments the husband will establish a trust with a principal of $50,000 in cash and $50,000 in policies of insurance on the life of the husband and that the wife may have recourse to this principal " to collect her alimony in addition to and without prejudice to her right to collect alimony as to which defendant [husband] may be in default by any other means allowed her by law."

The trust agreement thereafter executed by the husband and wife with the trustee, Bank of New York and Trust Company, gave to the wife the right of such recourse in the event of the husband's default in making the alimony payments. It also imposed upon the wife the duty to make restitution to the trust out of any recovery thereafter had from the husband in any proceeding to enforce the alimony provision of the decree. It further provided that upon the death of either the husband or the wife the trust should terminate and the survivor should be entitled to the corpus.

In accordance with the trust agreement, the trustee advanced to the wife out of the principal of the trust, a sum which was approximately equal to the sums due and unpaid under the decree.

The wife now moves, pursuant to section 1171-b of the Civil Practice Act, for the entry of judgment against the husband for the arrears of alimony. The husband contends, and the learned Special Term held, that the payments to the wife out of the trust fund constitute payment of all alimony due and hence there were no arrears.

Such a result violates the fundamental purpose of the trust agreement. The agreement, read in the light of the stipulation, contemplates: (a) the establishment of a $100,000 trust fund for the benefit of the wife in the event the husband predeceases her;

and (b) the right of the wife, in the event of the husband's default in making the alimony payments directed by the decree, temporarily to invade the trust corpus to the extent required to make her total income equal to $1,000 a month. The obvious purpose of the agreement, in addition to providing a fund for the wife if she survives the husband, is to tide the wife over upon the husband's failure to make the alimony payments. It is intended to prevent the husband from leaving the wife without means while she attempts to enforce the decree. The trust fund furnishes relief until the husband makes good his defaults; and when he does, the wife is required to make restitution to the trust fund. In other words, the advance from the trust fund is a mere loan made by the trustee on the basis of the wife's obligation to repay and in reliance on the enforcibility of the decree to enable the wife to satisfy that obligation. It can no more be said that such advance constitutes payment of the alimony under the decree than if the wife's mother or brother had advanced or loaned to her the money on the strength of the wife's promissory note to repay, secured by the decree as collateral. Indeed, if a third person had created this trust and temporary advances or loans therefrom were made to the wife, it could hardly be suggested that the decretal obligation to make the alimony payments had been discharged and that no default by the husband under the decree existed. The fact that it was the husband who originally created the trust is immaterial, for he has lost all control over it. It has acquired a separate and independent status, precisely the same as any other moneys which he has spent or with which he has irrevocably parted. Consequently, with respect to the trust fund, the husband is in the same category as a stranger or third person, and any loan or advance therefrom cannot be deemed to discharge his obligation under the decree.

The fact that, based upon the trust agreement, the wife may have a plenary action against the husband to compel him to replenish or rehabilitate the trust fund, does not bar her remedy under the statute. (Civ. Prac. Act, § 1171-b.) The statute expressly states that the relief therein provided " is in addition to any and every other remedy to which the wife may be entitled under the law." The statute was designed to eliminate the burden of plenary or protracted litigation to enforce the wife's established rights under a matrimonial decree. It was intended to afford summary relief to the wife upon the nonpayment of the alimony.

The stipulation of settlement and the trust founded thereon sought to effectuate that same purpose. The stipulation, with

respect to the relief of the wife intended to be furnished by the trust, contains a provision similar to the above-quoted statutory provision. All that the trust does and all that it is intended to do is to supplement the statutory purpose by facilitating the wife's prompt relief. The trust never was intended to be the means of discharging the husband's obligation under the decree.

It has been held that rights conferred by private agreement which survive a matrimonial decree do '' not deprive the court of the power to give the wife the additional rights and remedies that a decree might afford her.'' For the ''right to resort to a court of law to enforce '' a matrimonial agreement '' and the remedies to enforce alimony in a matrimonial action may at times be concurrent.'' (*Wimpfheimer* v. *Wimpfheimer,* 262 App. Div. 304, 305; *Goldman* v. *Goldman,* 282 N. Y. 296, 303–305.) This is especially true in the case at bar, where the clear intent of the parties is not to have the trust agreement supersede the decree but to make the trust agreement supplementary or complementary to it. The courts always will respect such an intention by enforcing either the decree or the agreement, as the circumstances warrant or require. (Cf. *Schmelzel* v. *Schmelzel,* 287 N. Y. 21; *Kyff* v. *Kyff,* 286 N. Y. 71; *Goldman* v. *Goldman, supra.*)

Any other view would destroy the purpose of the trust (as more fully disclosed by the terms of the stipulation of settlement on which it is founded) and would be directly contrary to the intent and the language of the statute invoked by the wife.

As the husband admittedly has not paid the alimony directed by the decree, and the arrears total $13,730, the wife is entitled to enter judgment for that amount. But under the statute the entry of judgment for arrears rests in the court's discretion. (Civ. Prac. Act, § 1171-b; *Gehring* v. *Gehring,* 262 App. Div. 1065.) Therefore, the court should authorize the entry of judgment in the wife's favor for the amount of unpaid alimony under the decree, on condition that the wife stipulate in writing that the judgment to be entered shall contain appropriate provisions: (a) permitting the husband to discharge the judgment by making payments directly to the trustee; and (b) directing the wife to turn over to the trustee, in accordance with the trust agreement, any moneys recovered by the wife upon the judgment.

The husband has made a cross motion to have the alimony of $12,000 per annum, as fixed by the decree, reduced to $3,600 per annum, *nunc pro tunc* as of January 1, 1938. The principal reason urged by the husband for such reduction is that since the making of the decree his income has substantially diminished. The wife

opposes this reduction only on the ground that the husband's income does not warrant the reduction sought, particularly in view of her present circumstances. The learned Special Term denied the motion because, based on its computations from the figures shown on the husband's 1942 tax return, the husband's income has not diminished to the extent claimed by him. The court stated, however, that if the husband's income has diminished as claimed then the alimony "should be measurably reduced." While the computations made by the court appear to be correct, it apparently failed to make any deduction from the net income for the State and Federal taxes.

In view of the dispute as to the husband's income and of all the other questions bearing upon the alimony allowance, we believe the matter should be referred to an Official Referee to take proof so that all the relevant facts may be fully elicited. It should be noted that, apart from the claim as to his income, the husband also claims that the son is in a position to seek gainful employment. On the other hand, the wife claims that she has been ill and that her present circumstances require the continuance of the alimony allowance.

Without indicating whether any reduction should or should not be made as of the date the husband made his cross motion, we do believe that in view of the husband's delay in making his application he is estopped from receiving a retroactive reduction. Any such reduction would seriously prejudice the wife, who was justified in relying on the amount of the alimony fixed by the decree and in living on a scale commensurate therewith.

The order should be reversed on the law and the facts, without costs, the plaintiff's motion should be granted, without costs, and the defendant's cross motion for reduction of alimony should be remitted to the Special Term for determination in accordance with this opinion.

HAGARTY, Acting P. J., and ALDRICH, J., concur with JOHNSTON, J.; ADEL and LEWIS, JJ., concur as to the disposition of the defendant's cross motion for reduction of alimony, but dissent as to the disposition of the plaintiff's motion for permission to enter judgment and vote to affirm the order insofar as it denied her motion, with the following memorandum: The denial of plaintiff's motion for permission to enter judgment was correct. The decree providing for the payment of alimony made no reference to the stipulation of settlement or to the trust agreement. It required only that the defendant pay the plaintiff $1,000 monthly. Since she

has received that sum, it seems to be immaterial that the payments were made out of the corpus of the trust fund rather than directly by the defendant. In either event, there is no " default in paying any sum of money as required by the judgment " or decree which is the prerequisite under section 1171-b of the Civil Practice Act, for the entry of judgment. The plaintiff is seeking to rehabilitate the trust fund. She must be relegated to her rights under the contract for that purpose.

Order reversed on the law and the facts, without costs, plaintiff's motion granted, without costs, and the defendant's cross motion for reduction of alimony is remitted to Special Term for determination in accordance with the opinion of JOHNSTON, J., herein.