Cohn, J.
(dissenting). In this very case, we affirmed an order made by the Special Term denying a motion and a cross motion for judgment on the pleadings after the joinder of issue (275 App. Div. 1029). Thus we held that the agreement was not sufficiently clear to be construed as a matter of law and that it was ambiguous. Upon the trial which was had after this determination, plaintiff offered no competent proof to clear the ambiguity of the language. The agreement sued upon fixed the single sum of $7,500 yearly for both the support of the wife and the support and education of their daughter so long *996 as she was in the custody and control of her mother. As the daughter reached her majority, has married and is being supported by her husband, the condition for the mother’s control and custody is now ineffective. Hence the husband is no longer obligated to pay $7,500 annually. The parties never agreed to any amount to be paid for the support of the wife only. The court could not rewrite that contract which the parties themselves voluntarily entered into. (Schmelzel v. Schmelzel, 287 N. Y. 21; Goldman v. Goldman, 282 N. Y. 296; Stoddard v. Stoddard, 227 N. Y. 13; Galusha v. Galusha, 116 N. Y. 635, 646.)
The wife is not without adequate remedy. If the agreement be held no longer effective, an action could then be commenced by the wife for a separation in which suit she could assert a claim for separate maintenance and support. In such action the agreement could not be set up as a defense. (Haas v. Haas, 298 N. Y. 69; Goldman v. Goldman, supra.) Moreover, if the agreement, through mistake or fraud, did not express the actual contract between the parties an action for reformation would lie.
Accordingly, I dissent and vote to reverse the judgment appealed from and to dismiss the complaint.
Peck, P. J., Glennon and Dore, JJ., concur in decision; Cohn, J., dissents and votes to reverse the judgment appealed from and to dismiss the complaints in an opinion in which Shientag, J., concurs.
Judgment affirmed, with costs. No opinion.