D. Ormonde Ritchie, J.
This is an application upon the petition of the former husband of the respondent for an order modifying the support provisions of a certain separation agreement dated March 1,1952, as incorporated in a certain decree of absolute divorce granted by the Circuit Court of the Fifteenth Judicial Circuit of Florida, in and for Palm Beach County, to the respondent on July 7, 1952, so as to provide that the peti *608 tioner shall pay the sum of Four Hundred ($400.00) Dollars per month to the respondent, instead of Five Hundred ($500.00) Dollars per month, for the maintenance and support of the respondent and their daughter, Marilyn Kendall, and any support for their son, Donald Kendall, during summer vacations, which may be needed over and above his own potential earnings. ’ ’
By an agreement dated March 1, 1952, the petitioner agreed to pay the respondent the sum of $500 monthly for her support and maintenance and that of the parties’ two children. It was further provided that when each of said children completes Ms or her high school education the petitioner shall pay the respondent an additional $50 per month for each child until he or she has reached the age of 21 years, and should either child, or both, be matriculated in a college or university, then, in lieu of said $50 monthly payment, the petitioner agreed to assume the direct obligation of support of the child or children during attendance at a college or university, such obligation to include, but not be limited to, the cost of tuition, room, board, clothing and reasonable incidental expenses, and that the assumption of such direct obligation by the petitioner * ‘ shall not reduce or curtail the obligation of the husband to continue to pay to the wife the minimum sum of $500.00 monthly.” Said agreement further provided that in the event the parties thereto shall be divorced by a decree dissolving the marriage in any jurisdiction, then, at the request of either, this agreement shall be submitted to the court having jurisdiction of such proceeding for approval, and if approved shall be incorporated in the judgment rendered by such court; and that such judgment “ shall provide that no alimony or allowance to the -wife is made or shall be made because of the fact that the parties have entered into this agreement ”.
Thereafter, and on or about July 7,1952, the respondent was awarded a final decree of divorce from the petitioner. Said final decree recites that it was rendered upon the application of the “ attorneys for the respective parties ”, and provides that both parties “ do perform and abide by the terms and conditions of that certain agreement entered into between these parties on the 1st day of March, 1952, and * * * that the court retains jurisdiction of this cause for the purpose of entry of any order affecting the care, custody, control and maintenance of the minor children of the parties hereto ”.
Mow that "the son of the parties has matriculated in college and the petitioner has assumed the direct obligation, as provided in the agreement of March 1, 1952, to pay his tuition, room, board, clothing and reasonable incidental expenses, totaling approximately $1,500 annually, and further due to the fact that *609 the petitioner has suffered financial reverse, he urges that he “ cannot conceive of his financial ability to continue both the $500.00 monthly payment to the respondent and the assumption of the cost” of his son’s education; that at the time of the execution of the agreement of March 1,1952, his financial condition was such that he believed that the sum of $500 per month for the support and maintenance ‘ ‘ of his then wife and the two older children was a reasonable one ’ ’; that his agreement to pay said sum “ was predicated on his sincere belief that his income would steadily increase from his poultry business ”, and that such had not been the case, and petitioner ‘ ‘ now believes that considering the continued diminution of his income and his constantly increasing debt, the said sum of $500 per month is now unreasonable and not justified by the facts
Respondent not only objects to the jurisdiction of this court of the subject matter of the petition, but resists it on the merits.
While the petitioner has mistaken his remedy in that a petition in equity will not lie in a situation such as this (Finlay v. Finlay, 240 N. Y. 429), respondent has made no objection to the proceeding on that ground. Accordingly, this court will treat this matter as properly before it procedurally under the rule that where “ all parties to a litigation choose to do so, they may to a large extent chart their own procedural course through the courts (Stevenson v. News Syndicate Co., 302 N. Y. 81, 87.)
It would appear that by the terms of the decree of divorce rendered in the Florida court, upon the appearance of both parties, the agreement of March 1, 1952, was incorporated therein by reference.
That decree, therefore, became the source of judicial power with respect to the petitioner’s obligation to support the respondent thereunder (Marshall v. Marshall, 304 N. Y. 956, affg. 280 App. Div. 814). Any modification of such decree can be made only by the court in which it was rendered. If the agreement of March 1, 1952, be deemed to have survived its incorporation in the Florida decree, this court cannot reform it by making a new agreement or provision for the parties in the place of the one which they have adopted (Hughes v. Cuming, 165 N. Y. 91, 96, 97; Johnson v. Johnson, 206 N. Y. 561, 568; Stoddard v. Stoddard, 227 N. Y. 13; Weintraub v. Weintraub, 302 N. Y. 104). Whatever the change in the financial circumstances of the petitioner since the execution of the agreement entered into by the parties, such an agreement ie permanent. “No matter what hardships it might later impose upon [the] husband, there [is] no power in the court to modify it, even though the agreement contained a clause *610 permitting modification.” (Kunker v. Kunker, 230 App. Div. 641, 643.)
Accordingly, the petition is dismissed. The remedy of the petitioner, if any, is with the court which rendered the divorce decree between the parties.