McCLURE M. HOWLAND, Plaintiff, *v.* JANE M. HOWLAND, Respondent; MARGUERITE HAMMOND, Appellant.

First Department, November 30, 1961.

*Vincent J. Malone* of counsel (*Ellis M. Deull* with him on the brief; *Parker, Duryee, Benjamin, Zunino & Malone,* attorneys), for appellant.

*George A. Burrell* of counsel (*Wolf & Burrell,* attorneys), for respondent.

EAGER, J. This is an appeal from an order of Special Term which denied the application of appellant for an order modifying a judgment of separation to reduce the monetary provisions of an agreement, incorporated in the judgment, for the support of children of the parties to the action. The agreement was one between the wife, the defendant in the separation action, and the appellant, who is the paternal grandmother of the children. The appellant was not a party to the separation action in which the judgment sought to be modified was rendered.

The separation action was one brought by the husband (son of the appellant) against his wife, the respondent here, for a separation on the grounds of abandonment. It appears that the parties to the action, following numerous pretrial conferences, entered into a written stipulation looking toward the support and maintenance of the respondent and the children of the marriage. There were three children of the marriage and the stipulation provided that the appellant and a certain cousin should have custody of the child Dulany; and it was further provided that appellant should have visitation rights with respect to the two other children, Louisa and Katherine, who

were to live with the respondent. The stipulation recited that the husband had procured a written agreement from his mother, the appellant herein, under the terms of which she had assumed certain specific financial obligations in connection with the maintenance, support and education of Louisa and Katherine; and a copy of said agreement of the appellant was annexed to the stipulation.

The agreement between the appellant and the respondent provided that in " consideration of the execution of the Stipulation by the Wife, and as long as both parties shall continue to observe and perform all the terms, conditions, and provisions of the Stipulation on her part to be performed but not otherwise, the Grandparent [appellant] will (a) during her lifetime make the payments specified * * * for the benefit of Louisa and Katherine and provide the living accommodations specified ", to wit, that the appellant would pay the sum of $400 monthly for the support, maintenance and education of Louisa and Katherine; that she would pay the salary of a full-time nurse or governess for said children not exceeding $200 a month; that she would provide and maintain Blue Shield health and hospitalization insurance, and would pay tuition and school expenses for said children; and that she would pay the rent and utility expenses for an apartment in which the children were to live with the respondent. It was further agreed that the appellant should make certain testamentary provisions in the nature of a trust for the benefit of the three children. The payments to be made by appellant were, by the terms of the agreement, to be made to a certain bank, which by the stipulation of the husband and the respondent was appointed as trustee to receive and apply the payments for the purposes set forth in the agreement. There was further provision in the agreement for the payment forthwith by the appellant directly to the respondent of certain specified sums to reimburse her for certain past and future expenses with reference to the children and in connection with the decorating of the apartment to be occupied by herself and the two children.

Following the stipulation and the agreement by the appellant, the separation action was tried and judgment rendered therein on May 24, 1956 in favor of the plaintiff on the ground of abandonment. Such judgment expressly decreed that the stipulation and all provisions thereof were approved; that such payments for support, maintenance and/or education as were to be paid by and collected from the appellant under the terms of her agreement should be expended and applied in accordance with the terms of the stipulation; that the appellant should have

rights of visitation with Louisa and Katherine as set forth in the stipulation; and that the stipulation and all exhibits (which would include the appellant's agreement) "are hereby incorporated by reference and shall be made part of the judgment roll in the above-entitled action".

Following the judgment of separation, and on December 22, 1958, the respondent obtained a judgment of divorce in the State of Alabama from her husband who had appeared in the action there. The said decree of divorce expressly ratified and confirmed the stipulation and the judgment in the separation action here, and provided that they were "hereby ratified and confirmed by the court and the terms thereof are not merged in this decree but survive the same, and the parties are ordered to abide by and carry out the terms thereof." The appellant was not a party to the action in Alabama and did not appear therein.

As we see it, the determination of this appeal depends upon the resolving of the fundamental question here, namely, whether or not this court has jurisdiction to modify the terms and provisions of contractual obligations of a third person for payments for the benefit of children where the same are incorporated in its judgment in a matrimonial action.

It is settled conclusively that the jurisdiction of the courts in matrimonial actions "is limited to such powers as are expressly conferred upon them by statute". See *Langerman* v. *Langerman* (303 N. Y. 465, 470). Generally speaking, the Supreme Court in an action for a separation is concerned with and only has the power to adjudicate with respect to marital and paternal rights and obligations. The court has not expressly been given the jurisdiction in such an action to fix, approve or consider, provisions for support of children by third persons.

In an action for separation, the jurisdiction of the court with respect to the maintenance and support of children is measured by the provisions of sections 1164, 1170 and 1170-a of the Civil Practice Act. (*Langerman* v. *Langerman, supra,* p. 471.) With respect to the final judgment in such an action, the provision is that the court must give therein such directions as justice requires "between the parties", that is, as between the husband and wife, with respect to the custody, care, education and maintenance of the children of the marriage. (Civ. Prac. Act, § 1170.) Neither in the Civil Practice Act sections nor elsewhere in statute will be found provisions vesting the Supreme Court with the right in a matrimonial action to give decretal status or effect in any way to a private agreement by a nonparent for support and maintenance of the children of the marriage. Limited as the jurisdiction of this court is in matrimonial actions

to that expressly conferred by statute, the power to give such status and effect to agreements of a third person not a party to the action would not exist, except as may be conferred by legislative enactment. (See further, *Johnson* v. *Johnson,* 206 N. Y. 561, 565; *Erkenbrach* v. *Erkenbrach,* 96 N. Y. 456, 462; *Kunker* v. *Kunker,* 230 App. Div. 641.)

The appellant points to the provisions of section 1170 of the Civil Practice Act which authorize the court to modify a final judgment with respect to directions for support or maintenance of children upon application of either party to the action " or any other person or party having the care, custody and control of said child or children pursuant to said final judgment ". But, in the first place, the appellant does not have the care, custody or control of Louisa or Katherine, so these provisions of section 1170 would not be applicable. In any event, the power of the Supreme Court with respect to the modification of a judgment in a matrimonial action is restricted solely to an alteration or change in the provisions of the judgment as such.

The authority, which the court possesses, on the application to modify the provisions of its judgment in a matrimonial action, is based upon the general power of the court over its decrees with respect to matters over which it had jurisdiction in the first place. Where an agreement establishing the provisions to be made for support of a wife and/or children is incorporated in and made a part of the judgment, the effect thereof is a direction on the part of the court fixing the sum agreed upon as a suitable provision to be paid for the wife and children; and, thus, in the case of such provisions by a husband, the direction is pursuant to the statutory powers of the court. " The direction might be enforced in manner provided by the statute, though the contractual obligation could not be so enforced; and might be modified thereafter by the court, though the contractual obligation could not be so modified without the consent of both parties " (*Goldman* v. *Goldman,* 282 N. Y. 296, 303–304). The parties having invoked the power conferred upon the court by statute to approve and fix the payments to be made by the husband, either of them may invoke the power of the court, conferred by the same statute to modify its direction, for " the effect of the statute is to write a reservation into every final judgment of divorce." (*Goldman* v. *Goldman, supra.*) But, " [s]o long as the contract remains in force — not impeached or cancelled in manner permitted by law — the court could not * * * direct the defendant [husband] to pay more or the plaintiff [wife] to accept less than the parties had agreed should be paid by the defendant " (*Goldman* v. *Goldman, supra,* p. 303).

The contractual obligations of the parties as such remain inviolate, at least, in this type of summary proceeding, and may not be abrogated or modified. (*Goldman* v. *Goldman, supra*; *Galusha* v. *Galusha,* 116 N. Y. 635; *Schmelzel* v. *Schmelzel,* 287 N. Y. 21; *Wimpfheimer* v. *Wimpfheimer,* 262 App. Div. 304; *Holahan* v. *Holahan,* 191 Misc. 47, affd. 274 App. Div. 846, affd. 298 N. Y. 798.)

Here, the agreement by the appellant was that she would "during her lifetime" make the payments specified for the benefit for Louisa and Katherine and provide the living accommodations specified. This was a contractual obligation incurred by the appellant which may not be altered by the court. The existence of a substantial change in circumstances or other equitable grounds would not authorize the court to remake the contract. (*Nichols* v. *Nichols,* 306 N. Y. 490, 498, 499; *Weintraub* v. *Weintraub,* 302 N. Y. 104, 110; *Stoddard* v. *Stoddard,* 227 N. Y. 13; *Olmstead* v. *Olmstead,* 282 App. Div. 946; *Kunker* v. *Kunker,* 96 N. Y. 456, *supra*; *Matter of Kendall* v. *Kendall,* 30 Misc 2d 607.)

To relieve the appellant, by reason of a change in circumstances, from the terms of her agreement, would in effect amount to a reformation thereof by the insertion therein of provisions not agreed upon. Who knows whether or not the appellant or the respondent would have accepted the agreement and signed it if it contained a reservation that the provisions thereof were subject to change. (See *Nichols* v. *Nichols, supra,* p. 499.) If such a provision is to be implied, it would follow that it would work both ways, namely, authorizing an increase as well as a decrease of the monetary payments by the appellant. It is doubtful that the parties would have agreed upon any such indefinite arrangement. Furthermore, the appellant would be the first to urge that this court would not under any circumstances have the right to increase the payments agreed by her to be made for the benefit of Louisa and Katherine.

In any event, "the parties could not confer upon the court jurisdiction or power which the court did not possess" (*Goldman* v. *Goldman, supra,* p. 305). Thus, even if there were to be implied in the appellant's agreement a reservation that, upon the incorporation thereof in the judgment, the court was to have the right to modify the monetary provisions thereof upon a change in circumstances, the reservation may not be given effect on the application here. It is clear that this court in or independent of a matrimonial action does not have jurisdiction to enforce or take action pursuant to such a reservation, whether it be expressed or implied. (*Stoddard* v. *Stoddard,* 227 N. Y.

13; *Russo* v. *Russo,* 263 App. Div. 841; *Wimpfheimer* v. *Wimpfheimer,* 262 App. Div. 304, *supra;* *Chamberlin* v. *Chamberlin,* 193 App. Div. 784.)

We conclude that the provisions of the appellant's agreement for payments for the benefit of her grandchildren were not affected by the incorporation of the agreement in the judgment herein, and that this court may not modify them. Therefore, the order appealed from, entered April 19, 1961, should be affirmed, upon the law and the facts, with $20 costs and disbursements to the respondent.

Botein, P. J., Valente, Stevens and Steuer, JJ., concur.

Order, entered on April 19, 1961, unanimously affirmed, upon the law and the facts, with $20 costs and disbursements to the respondent.