Edward S. Conway, J.
This is a motion by the plaintiff for an order: (1) vacating the order of this court of November 7, 1975 which held the plaintiff in contempt of court for failing to pay money to defendant Cora E. Trask on the ground that sections 233, 236, 237 and 245 of the Domestic Relations Law of the State of New York are unconstitutional; and (2) setting aside, nunc pro tunc the alimony provisions of the judgment *981 of divorce between plaintiff and the defendant entered June 21, 1973.
Plaintiff and defendant were married on February 18, 1967. They entered into a separation agreement on September 11, 1972 which provided, among other things, that plaintiff would pay to defendant wife the sum of $133 per week as alimony and support until the wife dies or remarries. The parties were subsequently divorced by a judgment of this court entered June 21, 1973 and the judgment incorporated by reference the said provision of the separation agreement as to alimony and support.
By order dated November 7, 1975, signed by this court, the plaintiff was found to be in contempt of court for violation of the aforesaid judgment and court decree of June 21, 1973 and was directed to pay a fine pursuant to section 245 of the Domestic Relations Law. The order appointed defendant as receiver of plaintiff’s property pursuant to section 233 of the Domestic Relations Law and ordered plaintiff’s imprisonment in the event he failed to comply within a certain period of time pursuant to section 245 of the Domestic Relations Law.
Plaintiff now makes the instant motion to vacate the order of November 7, 1975 and set aside nunc pro tunc the alimony provisions of the judgment of divorce entered June 21, 1973 on the grounds that the said sections of the Domestic Relations Law are unconstitutional in that they violate the Equal Protection Clause and the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States on the basis of sex.
The movant herein entered into a voluntary contract with his defendant wife to pay her the sum of $133 per week as alimony and further agreed that said contract, in the event of a divorce, would be incorporated into the decree of divorce. At the time the said contract was made, he was adequately represented by counsel and was fully aware of the implications of the voluntary contract and that his failure to comply with a decree of the court containing the provisions of the contract would be punishable by contempt as provided in the Domestic Relations Law. Further, the movant herein initiated the divorce proceedings and entered the default judgment against the defendant wife. Thus, it was the movant who availed himself of the benefits of the statutes of which he now complains. He has retained benefits thereunder and cannot now attack the same statutes as unconstitutional (See Matter *982 of Joseph Burstyn, Inc. v Wilson, 303 NY 242, 260; Shepherd v Mount Vernon Trust Co. 269 NY 234).
This court is of the opinion that the movant is not an aggrieved party and therefore does not have the interest which is requisite for standing to question the constitutionality of the statute for he has no right which he seeks to enforce against his defendant wife.
Further, the Equal Protection Clause of the United States Constitution does not deny the State power to treat different classes of persons in different ways (Reed v Reed, 404 US 71) as long as the classification is reasonable and rests upon a difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike (Royster Guano Co. v Virginia, 253 US 412, 415). In New York State the Legislature has, through the enactment of the provisions of sections 236 and 237 of the Domestic Relations Law, made a social and economic judgment that only husbands should be liable for the payment of alimony and courts should not substitute their social and economic beliefs for the judgment of legislative bodies. Any modification or repeal of these alimony laws must necessarily be made by the New York State Legislature and not by the courts. The Legislature is responsible for prescribing procedures for marriage and divorce since the State has a vital interest in all marriages and family relationships (Goldman v Goldman, 282 NY 296). The procedures proscribed by sections 233, 236, 237 and 245 of the Domestic Relations Law are supported by a strong presumption of constitutionality (Matter of Roosevelt Raceway v Monaghan, 9 NY2d 293). Unconstitutionality must be demonstrated beyond a reasonable doubt (Wiggins v Town of Somers, 4 NY2d 215, 218), and plaintiff has, in this court’s opinion, failed to so demonstrate. Therefore, the motion of plaintiff is denied. However, this court is of the opinion that under the present status of the law, the plaintiff is now entitled to a hearing as to the alleged contempt of court. Therefore, the contempt order is vacated and the defendant is directed to file a note of issue for an immediate hearing on the question of contempt.